**Ex Parte Jack Warren DAVIS, Appellant.**

No. 03–93–00646–CR.

Court of Appeals of Texas,
Austin.

Feb. 8, 1995.

Rehearing Overruled March 15, 1995.

---

Stanley G. Schneider, Houston, for appellant.

Bill M. Reimer, Dist. Atty., New Braunfels, Raymond E. Taylor, Taylor, Holiner & Spicer, P.C., San Antonio, for State.

Before POWERS, KIDD and DALLY,* JJ.

CARL E.F. DALLY, Judge (Assigned).

Appellant Jack Warren Davis appeals from the trial court's order denying relief in a pretrial habeas corpus proceeding in which appellant urged his retrial was jeopardy barred. A jury previously convicted Davis of capital murder. Act of April 16, 1985, 69th Leg., R.S., ch. 44, § 1, 1985 Tex.Gen.Laws 434 (Tex.Penal Code Ann. § 19.03(a)(2), (b), since amended). When the jury was unable to answer the special issue on deliberateness, the court assessed punishment at incarceration for life. *Id.* § 2 at 434 (Tex.Code Crim. Proc. art. 37.071, since amended). On appeal, this Court reversed the judgment and remanded the cause to the trial court for a new trial. *Davis v. State,* 831 S.W.2d 426 (Tex.App.—Austin 1992, pet. ref'd).

After remand, appellant filed a pretrial writ of habeas corpus moving the trial court to dismiss the prosecution. Appellant alleged that his retrial was barred by double jeopardy and due process provisions of the United States Constitution. U.S. Const. amend. V, XIV. Appellant also alleged that his retrial was barred by the double jeopardy and due course of law provisions of the Texas Constitution. Tex. Const. art. I, §§ 13, 14, 19. The trial court issued the writ and convened an evidentiary hearing. After the hearing, the trial court made findings of fact

---

* Before Carl E.F. Dally, Judge (retired), Court of Criminal Appeals, sitting by assignment. *See* Tex.Gov't Code Ann. § 74.003(b) (West 1988).

and conclusions of law and entered an order denying the writ and the relief requested. This appeal followed. Tex.R.App.P. 44. We will affirm the trial court's order.

The facts adduced at appellant's trial were summarized in this Court's opinion on appeal. *Davis,* 831 S.W.2d at 429–33. The facts elicited in the habeas corpus hearing are summarized in the trial court's findings of fact. In the Appendix of this opinion is a copy of those findings of fact, the court's conclusions of law, and the order denying the writ.

In his first point of error, appellant asserts that his retrial is barred by the Fifth Amendment Double Jeopardy Clause. On original appeal, this Court held that the evidence was legally sufficient to support the jury's verdict. The judgment was reversed because the prosecutor's misconduct in threatening witnesses and in knowingly using perjured testimony deprived appellant of a fair trial and denied him due process. In addition, we held that the admission of evidence derived from an unlawfully obtained blood specimen was reversible error. To provide "guidance for the trial court in the event of retrial," we found that "the present record evidence of misconduct [was not] sufficient to compel the conclusion that the police or their agents acted in bad faith regarding the failure to preserve evidence."

On original appeal, we also held that the trial court erred in refusing appellant's motion for mistrial on grounds of prosecutorial misconduct. Without due regard for the remainder of the opinion, appellant makes this holding the foundation for his entire appellate argument. In support of his double jeopardy claims, appellant relies heavily on many cases concerned with jeopardy problems arising from mistrials that were granted *prior to verdict.* Since a mistrial was not granted in this case and the trial proceeded to a verdict, the authorities concerning mistrials granted before a verdict do not control our disposition of this appeal. The failure to grant the mistrial was trial error and we held that the proper remedy was retrial.

■■■ When a trial proceeds to conclusion despite a legitimate claim of serious prejudicial error and the conviction is reversed on appeal, retrial is not jeopardy barred. *Ball*

*v. United States,* 163 U.S. 662, 16 S.Ct. 1192, 41 L.Ed. 300 (1896); *United States v. Dinitz,* 424 U.S. 600, 96 S.Ct. 1075, 47 L.Ed.2d 267 (1976). Insufficiency of evidence is an exception to this rule. *Burks v. United States,* 437 U.S. 1, 98 S.Ct. 2141, 57 L.Ed.2d 1 (1978). As the United States Supreme Court observed in *Oregon v. Kennedy:*

> The Double Jeopardy Clause of the Fifth Amendment protects a criminal defendant from repeated prosecutions for the same offense. *United States v. Dinitz,* 424 U.S. 600, 606, 47 L.Ed.2d 267, 96 S.Ct. 1075 [1079] (1976). As a part of this protection against multiple prosecutions, the Double Jeopardy Clause affords a criminal defendant a "valued right to have his trial completed by a particular tribunal." *Wade v. Hunter,* 336 U.S. 684, 689, 93 L.Ed. 974, 69 S.Ct. 834 [837] (1949). The Double Jeopardy Clause, however, does not offer a guaranty to the defendant that the State will vindicate its societal interest in the enforcement of the criminal laws in one proceeding. *United States v. Jorn,* 400 U.S. 470, 483–484, 27 L.Ed.2d 543, 91 S.Ct. 547 [556–57] (1971) (plurality opinion); *Wade v. Hunter,* 336 U.S. at 689, 93 L.Ed. 974, 69 S.Ct. 834 [at 837]. If the law were otherwise, "the purpose of law to protect society from those guilty of crimes frequently would be frustrated by denying courts power to put the defendant to trial again." *Ibid.*

*Oregon v. Kennedy,* 456 U.S. 667, 671–72, 102 S.Ct. 2083, 2087, 72 L.Ed.2d 416 (1982). In *Justices of Boston Municipal Court v. Lydon,* the court stated:

> The Double Jeopardy Clause is not an absolute bar to successive trials. The general rule is that the Clause does not bar reprosecution of a defendant whose conviction is overturned on appeal. *United States v. Ball, supra.* The justification for this rule was explained in *United States v. Tateo,* 377 U.S. 463, 466, 12 L.Ed.2d 448, 84 S.Ct. 1587 [1589] (1964), as follows:
>
> > While different theories have been advanced to support the permissibility of retrial, of greater importance than the conceptual abstractions employed to ex-

plain the *Ball* principle are the implications of that principle for the sound administration of justice. Corresponding to the right of an accused to be given a fair trial is the societal interest in punishing one whose guilt is clear after he has obtained such a trial. It would be a high price indeed for society to pay were every accused granted immunity from punishment because of any defect sufficient to constitute reversible error in the proceedings leading to conviction.

In *Price v. Georgia,* 398 U.S. 323, 329, 26 L.Ed.2d 300, 90 S.Ct. 1757 [1761] (1970), we recognized that implicit in the *Ball* rule permitting retrial after reversal of a conviction is the concept of "continuing jeopardy." *See also Breed v. Jones,* 421 U.S. 519, 534, 44 L.Ed.2d 346, 95 S.Ct. 1779 [1788] (1975). That principle "has application where criminal proceedings against an accused have not run their full course." 398 U.S., at 326, 26 L.Ed.2d 300, 90 S.Ct. 1757 [at 1759]. Interests supporting the continuing jeopardy principle involve fairness to society, lack of finality, and limited waiver.

*Justices of Boston Municipal Court v. Lydon,* 466 U.S. 294, 308, 104 S.Ct. 1805, 1813, 80 L.Ed.2d 311 (1984). Finally in *Montana v. Hall,* the court observed:

It is a "venerable principl[e] of double jeopardy jurisprudence" that "[t]he successful appeal of a judgment of conviction, on any ground other than the insufficiency of the evidence to support the verdict, *Burks v. United States,* [437 U.S. 1 [57 L Ed 2d 1, 98 S Ct 2141] (1978) ], poses no bar to further prosecution on the same charge." *United States v. Scott,* 437 US 82, 90–91, 57 L Ed 2d 65, 98 S Ct 2187 [2193] (1978). *See generally* 3 W. LaFave & J. Israel, Criminal Procedure § 24.4 (1984). Justice Harlan explained the basis for this rule:

Corresponding to the right of an accused to be given a fair trial is the societal interest in punishing one whose guilt is clear after he has obtained such a trial. It would be a high price indeed for society to pay were every accused granted immunity from punishment because

of any defect sufficient to constitute reversible error in the proceedings leading to conviction. From the standpoint of a defendant, it is at least doubtful that appellate courts would be as zealous as they now are in protecting against the effects of improprieties at the trial or pretrial stage if they knew that reversal of a conviction would put the accused irrevocably beyond the reach of further prosecution. In reality, therefore, the practice of retrial serves defendants' rights as well as society's interest. *United States v. Tateo,* 377 US 463, 466, 12 L Ed 2d 448, 84 S Ct 1587 [1589] (1964).

*Montana v. Hall,* 481 U.S. 400, 402–03, 107 S.Ct. 1825, 1826, 95 L.Ed.2d 354 (1987); *see also United States v. DiFrancesco,* 449 U.S. 117, 101 S.Ct. 426, 66 L.Ed.2d 328 (1980); *Lockhart v. Nelson,* 488 U.S. 33, 109 S.Ct. 285, 102 L.Ed.2d 265 (1988).

We find no Supreme Court authority for holding that appellant's retrial is barred by the Double Jeopardy Clause of the Fifth Amendment. The authorities we have cited allow appellant's retrial. Appellant's first point of error is overruled.

In his second point of error, appellant urges that even if the Fifth Amendment does not bar his retrial, the double jeopardy provision of the Texas Constitution does. The Fifth Amendment Double Jeopardy Clause provides that no person shall "be subject for the same offense to be twice put in jeopardy of life or limb." The Texas Constitution provides that: "No person, for the same offense, shall be twice put in jeopardy of life or liberty." Tex. Const. art. I, § 14.

█ Appellant points out that the Court of Criminal Appeals and the Texas Supreme Court have held that in some instances the Texas Constitution gives greater protection to Texas citizens than does the United States Constitution. *Sax v. Votteler,* 648 S.W.2d 661 (Tex.1983); *Davenport v. Garcia,* 834 S.W.2d 4 (Tex.1992); *Heitman v. State,* 815 S.W.2d 681 (Tex.Crim.App.1991). However, appellant has not cited any authorities holding that the Texas double jeopardy provision gives greater rights or protection than does the Fifth Amendment. Appellant argues

that we should follow the courts of four states that have recently held that their state constitution double jeopardy provisions give greater rights than does the Fifth Amendment Double Jeopardy Clause. We decline to do so, since the Court of Criminal Appeals has held that the state and federal double jeopardy provisions are "conceptually identical." *Stephens v. State*, 806 S.W.2d 812, 814–15 (Tex.Crim.App.1990); *Phillips v. State*, 787 S.W.2d 391, 393 n. 2 (Tex.Crim.App. 1990). Several courts of appeals have applied the Court of Criminal Appeals view that state and federal double jeopardy provisions are conceptually identical and that the Texas double jeopardy guarantee gives no greater rights than does the federal guarantee. *Parrish v. State*, 889 S.W.2d 658 (Tex.App.—Houston 1994, no pet. h.); *Ex parte Tomlinson*, 886 S.W.2d 544, 546 (Tex.App.—Austin 1994, no pet.); *Wright v. State* 866 S.W.2d 747, 750–51 (Tex.App.—Eastland 1993, pet. ref'd); *Lozano v. State*, 860 S.W.2d 152, 154, n. 3 (Tex.App.—Austin 1993, pet. ref'd); *Smith v. State*, 842 S.W.2d 401, 405 (Tex. App.—Fort Worth 1992, pet. ref'd); *Wiggins v. State*, 816 S.W.2d 472, 473 (Tex.App.—Houston [14th Dist.] 1991, pet. ref'd); *Heyduck v. State*, 814 S.W.2d 156, 157 (Tex. App.—Houston [1st Dist.] 1991, no pet.); *see also Alfred v. State*, 720 S.W.2d 218 (Tex. App.—Houston [14th Dist.] 1986, pet. ref'd).

Because the Court of Criminal Appeals has said that the double jeopardy provisions of the state and federal constitutions are conceptually identical, the decision of the Court of Criminal Appeals in *Durrough v. State*, 620 S.W.2d 134 (Tex.Crim.App.1981), applying the Fifth Amendment Double Jeopardy Clause applies equally to the Texas Constitution's double jeopardy provision.

The appellant also contends that his last trial was barred by the doctrine of double jeopardy because of willful prosecutorial misconduct that occurred during the second trial of this case. The appellant claims that at the second trial the prosecution failed to disclose favorable evidence regarding deals with accomplice witnesses made in exchange for their testimony. He concludes that this willful misconduct barred any future prosecution for this offense. We find no support for the appel-

lant's contention. The Double Jeopardy Clause does protect a defendant against governmental actions intended to provoke mistrials so as to afford the prosecution a more favorable opportunity to convict the defendant. *United States v. Dinitz*, 424 U.S. 600, 96 S.Ct. 1075, 47 L.Ed.2d 267 (1976). But when the trial proceeds to its conclusion despite a legitimate claim of seriously prejudicial error, the Double Jeopardy Clause will present no obstacle to a retrial if the conviction is reversed on appeal. *United States v. Dinitz*, 424 U.S. 600, 96 S.Ct. 1075, 47 L.Ed.2d 267 (1976); *Ball v. United States*, 163 U.S. 662, 16 S.Ct. 1192, 41 L.Ed. 300 (1896). In the present case the alleged misconduct did not result in a mistrial. The appellant was found guilty of capital murder and sentenced to death. That judgment was reversed on appeal and the case was remanded for a new trial. We reject the appellant's contention that the alleged misconduct was a bar to further prosecution for this offense.

*Durrough*, 620 S.W.2d at 138–39.

■ More recently in *Ex parte Fortune*, 797 S.W.2d 929 (Tex.Crim.App.1990), the Court of Criminal Appeals expounded:

As in the case of the Fifth Amendment Double Jeopardy Clause of the federal constitution, Article I, Section 14 of the Texas Constitution protects a defendant in a criminal proceeding against multiple punishments or repeated prosecutions for the same offense.

. . . . .

[U]pon reversal of a conviction on grounds other than sufficiency of evidence, the State is free to retry the defendant on the charge and obtain a valid conviction against him in the interest of justice.

. . . . .

We therefore hold that the Double Jeopardy Clause presents no bar for the government's retrial of appellant who was successful in setting aside his first conviction because of an error in the proceedings leading to the first conviction.

797 S.W.2d at 932, 934, 936. *See also Lewis v. State,* 889 S.W.2d 403 (Tex.App.—Austin 1994, pet. filed). We hold that Article I, section 14 of the Texas Constitution does not bar appellant's retrial and overrule appellant's second point of error.

In point of error three, appellant contends that independent of his double jeopardy claim, his retrial is barred by the due process provision of the United States Constitution. U.S. Const. amend. XIV. In point of error four, appellant contends that independent of his double jeopardy claim, his retrial is barred by the due course of law provision of the Texas Constitution. Tex. Const. art. I, §§ 13, 19. Appellant asserts that the conduct of the prosecutor and his team in this case was so outrageous that it violated his rights to a fair *retrial,* if one is allowed, and thereby denies him due process and due course of law.

On original appeal we found that appellant had been deprived of due process, reversed the judgment of conviction, and granted appellant a new trial. Additional facts which may have been discovered in the ex parte proceeding convened after reversal and remand do not call for the revision of our judgment or require the dismissal of the charge and appellant's acquittal. In considering other cases where the facts and circumstances were fully as outrageous and shocking as those in this case, the Court of Criminal Appeals has ordered a retrial and not the dismissal of charges and an acquittal. *See Ex parte Adams,* 768 S.W.2d 281 (Tex.Crim. App.1989); *Ex parte Brandley,* 781 S.W.2d 886, 887 (Tex.Crim.App.1989).

In *Adams,* the appellant urged a violation of the due course of law provision of Article I, section 19 of the Texas Constitution as well as the Due Process Clause of the Fourteenth Amendment. The Court of Criminal Appeals said:

> The constitutional principles requiring disclosure of evidence favorable to an accused and the prohibition on knowingly using false evidence to convict are basic to the due process of law mandated by the Fourteenth Amendment. Such rights are equally applicable to the due course of law

rights identified in Art. I, § 19 of the Texas Constitution.

768 S.W.2d at 293.

In the more recent case of *Ex parte Castellano,* 863 S.W.2d 476 (Tex.Crim.App.1993), the trial court found that Castellano had been denied both due process and due course of law, but denied relief in the "absence of case law as precedent." The court of appeals affirmed in an unpublished opinion. The Court of Criminal Appeals granted review to determine whether the court of appeals had decided an important issue of state and federal law in conflict with the *Adams* decision. The Court of Criminal Appeals reversed the judgment of the court of appeals and remanded the cause to the trial court. The charge was not dismissed. In *Castellano,* the Court of Criminal Appeals discussed and relied on *Alcorta v. Texas,* 355 U.S. 28, 78 S.Ct. 103, 2 L.Ed.2d 9 (1957). In *Alcorta,* the Supreme Court found that the use of perjured testimony denied Alcorta due process but did not order the dismissal of charges and the acquittal of Alcorta. Neither did the Court of Criminal Appeals on remand dismiss the charges; it instead remanded the cause to the trial court. *Alcorta v. State,* 308 S.W.2d 519 (Tex.Crim.App. 1957).

■ Appellant is entitled to a new trial under both the Due Process Clause of the Fourteenth Amendment and Article I, sections 13 and 19 of the Texas Constitution. Appellant was granted the new trial on his appeal to this Court. We remain convinced that retrial, not dismissal of the charge and acquittal, is the proper remedy. We overrule appellant's third and fourth points of error.

The trial court's order denying habeas corpus relief is affirmed.

Affirmed.

## APPENDIX

### NO. CR–89–251–A

EX PARTE
JACK WARREN DAVIS
IN THE 22ND JUDICIAL
DISTRICT COURT OF
COMAL COUNTY, TEXAS

## ORDER

On this the 17th day of November 1993, after having issued the writ of habeas corpus, hearing ·evidence incident thereto and the arguments of counsel regarding the Applicant's pretrial writ of habeas corpus in which the Applicant alleges that the state's prosecution be barred by the double jeopardy provisions of the Fifth Amendment of the United States Constitution and Article I Section 14 of the Texas Constitution, that the prosecution be dismissed based upon a violation of Applicant's right to due process as define by the Fifth Amendment and Fourteenth Amendment to the United States Constitution and that exculpatory evidence was intentional destroyed by agents of the State, the Court denies Applicant's requested relief.

Signed on this the <u>10</u> day of December 1993.

/s/ <u>Charles R. Ramsay</u>
JUDGE PRESIDING

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

The Court, having heard the evidence presented at the hearing on Applicant's application for writ of habeas corpus, having seen the witnesses testify, judged their credibility and being fully informed, enters the following findings of fact and conclusions of law:

### FINDINGS OF FACT

#### A. Fred Zain's Testimony

1. Fred Zain was an employee of the Bexar County Forensic Science Center who testified for the State in Applicant's trial.

2. Comal County paid the Bexar County Medical Examiner for Zain's services as an expert witness and not for the performance of any scientific testing of evidence in Applicant's trial.

3. Zain testified at the trial that he performed the scientific tests on blood and other evidence in connection with this case.

4. Zain did in fact not conduct the DNA tests noted in his report.

5. It is highly probable that Zain committed aggravated perjury in testifying at Applicant's trial concerning the results of some or all of the scientific tests he said he conducted. Specifically, Zain committed aggravated perjury in the following ways:

 a. He testified that he had personally conducted scientific tests when in fact he did not.

 b. He testified that certain pieces of physical evidence contained Applicant's blood when in fact he knew or should have known that these pieces of evidence did not contain Applicant's blood.

6. Zain is not credible under oath.

7. At the hearing on Applicant's application for writ of habeas corpus, Zain invoked his right against self incrimination as guaranteed by the Fifth Amendment after being admonished of his rights by the trial court and after admitting that his employment had been terminated because of evidence in his possession being lost.

8. Zain's scientific evidence was not reliable.

9. Zain's reports and testimony served as the basis for the opinions, testimony and conclusions of Lt. Ed Richards.

10. The State's theory of prosecution was premised on the testimony of Lt. Richards and Zain. Zain misled Lt. Richards regarding the forensic facts, thus causing Lt. Richards' testimony and conclusions to be probably inaccurate.

11. Zain was employed by the Comal County District Attorney to conduct the serology testing of the evidence in this case.

12. Zain's conduct was intentional and outrageous and shocked the conscience of the court.

13. The Court is familiar with the holdings of the West Virginia Supreme Court in *The Matter of the West Virginia State Police State Police Crime Laboratory Serology Di-*

*vision,* No. 93–Misc.–402 [190 W.Va. 321, 438 S.E.2d 501] (W.Va. Nov. 10, 1993) (not yet reported). The Court agrees with the general factfindings of the West Virginia Supreme Court concerning Zain's competence, abilities and reliability and finds that there is a significant danger that similar conduct occurred in Texas.

14. Zain was terminated from the Bexar County Forensic Science Center for mishandling of evidence and because of the result of Dr. Stone's audit.

### B. Bill Reimer's Actions

1. Bill Reimer is the elected district attorney of Comal County, Texas.

2. Reimer, acting in his official capacity as district attorney of Comal County, personally prosecuted Applicant at his first trial.

3. Reimer has disqualified himself from further prosecution in this cause and Ray Taylor has been named special district attorney to prosecute Applicant and Taylor is completely independent of the Comal County District Attorney's Office.

4. The Court of Appeals has found that Reimer engaged in prosecutorial misconduct and suborned perjury. That finding is binding upon this Court and is accepted herein and that finding serves as a basis for this Court's conclusions of law. See generally, *Davis v. State,* 831 S.W.2d 426 (Tex.App.— Austin 1992, pet. ref'd).

5. Reimer presented the following facts to the jury in Applicant's trial:

 a. Certain evidence was not tested because of the cost to Comal County. This statement was incorrect because Comal County only paid for Zain's testimony.

 b. That the police investigation was excellently conducted and outstanding while before the trial he wrote New Braunfels city officials complaining of the lost evidence and negligence of the police investigation.

### C. Irregularities Regarding the Evidence

1. The New Braunfels Police Department erased a tape recorded statement of Marci French made the night of the homicide.

2. Alda Hanus claims that Marci French on the night of the homicide said she saw a man going down the stairs of the apartment with long stringy hair wearing a white T-shirt and jeans while Marci French denies making the statement.

3. The description given by Alda Hanus matches the description that Applicant gave of the person he saw leaving the victim's apartment.

4. Hairs found in the victim's hands were lost.

5. Blood samples taken from the victim's body were stored in such a manner that they were incapable of being used as known samples in scientific testing.

6. To provide "known samples" of the victim's blood, Zain selected certain blood stains from evidence and declared them to be the known samples of the victim's blood.

### CONCLUSIONS OF LAW

1. Zain was a prosecution expert witness.

2. Applicant is not entitled to relief based upon the Double Jeopardy Clause of the Fifth Amendment. *Oregon v. Kennedy,* 456 U.S. 667, 102 S.Ct. 2083, 72 L.Ed.2d 416 (1982).

3. Applicant is not entitled to relief based upon the Double Jeopardy provisions of TEX. CONST. art. I, § 14.

4. Article I, § 14 provides no greater rights against double jeopardy than does the Fifth Amendment.

5. Applicant was not deprived of Due Process of Law as guaranteed by the Fourteenth Amendment, U.S. CONST. amend. XIV.

6. Article I, §§ 13 and 19 provide no greater rights or protections than does the Fourteenth Amendment.

7. Applicant was not deprived of Due Course of Law as guaranteed by TEX. CONST. art. I, §§ 13 and 19.

### ORDER

It is ordered that the clerk of this Court prepare a supplemental transcript including these findings of facts and the order denying relief and that the clerk file the supplemental

transcript with the clerk of the Court of Appeals in Austin, Texas, on or before December 15, 1993.

SIGNED AND ENTERED THIS 10TH DAY OF DECEMBER, 1993.

/s/ Charles R. Ramsay
JUDGE PRESIDING