Noelle 



TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-95-00703-CR






Ex Parte: Angela Noelle, Appellant









FROM THE DISTRICT COURT OF TRAVIS COUNTY, 167TH JUDICIAL DISTRICT


NO. 95-13507, HONORABLE MIKE LYNCH, JUDGE PRESIDING








 Appellant Angela Noelle appeals from the trial court's denial of habeas corpus
relief. In three points of error, Noelle asserts that the trial court erred in holding that an
administrative driver's license suspension did not serve as a double jeopardy bar to her subsequent
prosecution for the offense of driving while intoxicated (DWI), the same offense that gave rise
to the suspension of her license. (1) We will affirm.

 Noelle was arrested in Williamson County for DWI on January 14, 1995; analysis
of her breath sample revealed an alcohol concentration in excess of .10 percent. See Tex. Penal
Code Ann. § 49.10 (West 1994). On March 1, 1995, an administrative law judge held a hearing
at her request, made findings that probable cause existed to believe that appellant was driving
while intoxicated and determined that the Department of Public Safety was authorized to suspend
her driving privileges for 60 days.

 In August 1995, Noelle filed a pretrial application for writ of habeas corpus urging
that prosecution for the DWI offense was barred by double jeopardy. When the court refused to
issue the writ, appellant filed the same pretrial application in the district court of Travis County,
which denied the application on its merits. In her first two points of error, appellant asserts that
prosecution is barred under the federal constitution because she has already been punished and put
in jeopardy for the same offense; in her third point of error she makes the same assertions under
the state constitution.

 The pertinent provision in the federal Double Jeopardy Clause protects an accused
from multiple punishment for the same offense. United States v. Halper, 490 U.S. 435, 440
(1989). Noelle's arguments under the federal constitution are foreclosed by our opinion in Ex
parte Arnold, 916 S.W.2d 640, 643 (Tex. App.--Austin 1996, pet. filed), in which we held that
the forfeiture of a driver's license did not constitute "punishment" so as to bar prosecution for the
same DWI offense. Id. In three opinions since 1989, the United States Supreme Court has
addressed the issue of whether forfeiture constitutes punishment that bars prosecution growing out
of the same offense. See generally Montana Dep't of Revenue v. Kurth Ranch, 128 L. Ed. 2d 767
(1994); Austin v. United States, 509 U.S. , 125 L. Ed. 2d 488 (1993); Halper, 490 U.S. 435
(1989). We reviewed these opinions in Arnold and will not revisit them in this opinion. 

 In our Arnold opinion, we found a bright line distinction between cases where the
government attempts to forfeit property or raise revenue and those cases where the State attempts
to suspend a driver's license. Arnold, 916 S.W.2d at 642. Texas courts have long held that a
license to drive an automobile on the streets is neither property nor a constitutionally protected
right, but rather a privilege subject to reasonable regulations in the interest of the welfare and
safety of the public. See Raitano v. Texas Dep't of Pub. Safety, 860 S.W.2d 549, 551 (Tex.
App.--Houston [1st Dist.] 1993, pet. denied); Coyle v. State, 775 S.W.2d 843, 846 (Tex.
App.--Dallas 1989, no pet.). The revocation of a driver's license is not intended as punishment
but is designed solely for the protection of the public in the use of the highways. Davidson v.
State, 313 S.W.2d 883, 886 (Tex. Crim. App. 1958) (opinion on rehearing). While many of
these cases construing the rights and interests possessed by licenses predated Halper, we would
be remiss if we did not look to them for guidance.

 In addition to Texas appellate opinions cited in Arnold denying habeas relief from
DWI prosecution following administrative license suspension, the more recent Ex parte Helber,
No. 01-95-00926-CR (Tex. App.--Houston [1st Dist.] February 1, 1996, no pet. h.) reviewed a
nationwide survey of decisions which have almost uniformly held that an administrative license
suspension does not prohibit a later prosecution for DWI. Id. slip op. at 9. 

 We adhere to our ruling in Arnold that the holder of a driver's license possesses
a privilege rather than an interest in property and that its suspension serves the remedial purpose
of protecting public safety by quickly removing drivers from the road. Arnold, 916 S.W.2d at
643; see State v. Strong, 605 A.2d 510, 513 (Vt. 1992). Accordingly, we hold that the
suspension of appellant's driver's license did not constitute punishment for the same DWI offense
under the Double Jeopardy Clause.

 In her second point of error, appellant asserts that even if the suspension of her
driver's license is not a punishment, this prosecution is barred because she is being twice put in
jeopardy for the same offense. We disagree. In addition to protecting against multiple
punishments, the Double Jeopardy Clause prevents a second prosecution for the same offense after
acquittal as well as a second prosecution after conviction. Halper, 490 U.S. at 440. Appellant's
pending criminal prosecution does not implicate these latter protections, because she has not yet
been prosecuted for the offense. The Department of Public Safety revoked appellant's license
through an exercise of its administrative and regulatory power. See Arnold, 916 S.W.2d at 642. 
Appellant has been subjected only to an administrative proceeding; the hearing before the
administrative law judge did not subject appellant to a trial in a court of competent jurisdiction,
and did not amount to a prosecution. See Kepner v. United States, 195 U.S. 100, 128 (1904) (one
is placed in jeopardy when one is put to trial in a court of competent jurisdiction on an
accusation). Furthermore, appellant has provided no authority for the proposition that an
administrative proceeding with no possibility of punishment can be characterized as a criminal
prosecution. For these reasons we overrule appellant's second point of error.

 Finally, we decline appellant's invitation to reach a different result under the
language of article I, section 14 of the Texas Constitution: 



No person, for the same offense, shall be twice put in jeopardy of life or liberty,
nor shall a person be again put upon trial for the same offense, after a verdict of
not guilty in a court of competent jurisdiction.



We reject appellant's assertion that the right to drive is a property interest or a liberty interest
coextensive with the right to travel. See Arnold, 916 S.W.2d at 642 (license to drive automobile
is not property). Appellant's observation that all qualified applicants "shall" receive a license does
not transform the privilege of driving into a right. See id. Loss of the privilege of driving does
not put an individual "in jeopardy" under the federal or the state constitution. To the extent
appellant asks us to characterize the privilege of driving as a right based on an expansion of the
Texas Double Jeopardy clause beyond its federal counterpart, we decline to do so. See Ex parte
Davis, 893 S.W.2d 252, 256 (Tex. App.--Austin 1995, pet. filed) (declining to enlarge Texas
double jeopardy protections beyond Fifth Amendment). Accordingly we overrule appellant's third
point of error. 

 We overrule all three points of error and affirm the trial court's denial of habeas
relief.



 

 Bea Ann Smith, Justice

Before Justices Powers, Jones and B. A. Smith

Affirmed

Filed: May 1, 1996

Do Not Publish
1. Appellant's license was suspended pursuant to Act of May 29, 1993, 73d Leg., R.S.,
ch. 886, § 1, 1993 Tex. Gen. Laws 3515, 3516 (Tex. Rev. Civ. Stat. Ann. art. 6687b-1). This
statute has since been amended and codified at Texas Transportation Code chapter 524 (West
1996). 



ston [1st Dist.] February 1, 1996, no pet. h.) reviewed a
nationwide survey of decisions which have almost uniformly held that an administrative license
suspension does not prohibit a later prosecution for DWI. Id. slip op. at 9. 

 We adhere to our ruling in Arnold that the holder of a driver's license possesses
a privilege rather than an interest in property and that its suspension serves the remedial purpose
of protecting public safety by quickly removing drivers from the road. Arnold, 916 S.W.2d at
643; see State v. Strong, 605 A.2d 510, 513 (Vt. 1992). Accordingly, we hold that the
suspension of appellant's driver's license did not constitute punishment for the same DWI offense
under the Double Jeopardy Clause.

 In her second point of error, appellant asserts that even if the suspension of her
driver's license is not a punishment, this prosecution is barred because she is being twice put in
jeopardy for the same offense. We disagree. In addition to protecting against multiple
punishments, the Double Jeopardy Clause prevents a second prosecution for the same offense after
acquittal as well as a second prosecution after conviction. Halper, 490 U.S. at 440. Appellant's
pending criminal prosecution does not implicate these latter protections, because she has not yet
been prosecuted for the offense. The Department of Public Safety revoked appellant's license
through an exercise of its administrative and regulatory power. See Arnold, 916 S.W.2d at 642. 
Appellant has been subjected only to an administrative proceeding; the hearing before the
administrative law judge did not subject appellant to a trial in a court of competent jurisdiction,
and did not amount to a prosecution. See Kepner v. United States, 195 U.S. 100, 128 (1904) (one
is placed in jeopardy when one is put to trial in a court of competent jurisdiction on an
accusation). Furthermore, appellant has provided no authority for the proposition that an
administrative proceeding with no possibility of punishment can be characterized as a criminal
prosecution. For these reasons we overrule appellant's second point of error.

 Finally, we decline appellant's invitation to reach a different result under the
language of article I, section 14 of the Texas Constitution: 



No person, for the same offense, shall be twice put in jeopardy of life or liberty,
nor shall a person be again put upon trial for the same offense, after a verdict of
not guilty in a court of competent jurisdiction.



We reject appellant's assertion that the right to drive is a property interest or a liberty interest
coextensive with the right to travel. See Arnold, 916 S.W.2d at 642 (license to drive automobile
is not property). Appellant's observation that all qualified applicants "shall" receive a license does
not transform the privilege of driving into a right. See id. Loss of the privilege of driving does
not put an individual "in jeopardy" under the federal or the state constitution. To the extent
appellant asks us to characterize the privilege of driving as a right based on an expansion of the
Texas Double Jeopardy clause beyond its federal counterpart, we decline to do so. See Ex parte
Davis, 893 S.W.2d 252, 256 (Tex. App.--Austin 1995, pet. filed) (declining to enlarge Texas
double jeopardy protections beyond Fifth Amendment). Accordingly we overrule appellant's third
point of error. 

 We overrule all three points of error and affirm the trial court's denial of habeas
relief.