TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-95-00520-CR







Ex Parte: Lee Elvin Arnold, Jr., Appellant








 FROM THE COUNTY COURT AT LAW NO. 7 OF TRAVIS COUNTY


NO. 433429, HONORABLE BRENDA KENNEDY, JUDGE PRESIDING 








 Appeal is taken from the trial court's denial of habeas corpus relief. Appellant
asserts that the trial court erred in holding that an administrative driver's license suspension is not
punishment so as to bar further prosecution for the same offense. (1) We will affirm.

 On March 8, 1995, appellant was arrested for the offense of driving while
intoxicated (DWI) after having failed sobriety tests. A breathalyzer test showed that appellant had
an alcohol concentration of .108. See Tex. Penal Code Ann. § 49.01 (West 1994). The arresting
officer gave appellant written notice that his driver's license would be suspended pursuant to
Texas law. See Art. 6687b-1, § 2(a) (now Transp. Code § 524.011(a)(1)). On March 21, 1995,
appellant was charged by information with the offense of DWI based on the March 8th incident. 
In a letter dated April 12, 1995, the Texas Department of Public Safety notified appellant that his
driver's license would be suspended for sixty days. See Art. 6687b-1, § 4 (now Transp. Code
§§ 524.013, .014). Appellant did not exercise his statutory right to appeal the suspension to the
State Office of Administrative Hearings. See Art. 6687b-1, § 7(a) (now Transp. Code § 524.031). 
Appellant filed an application for a pretrial writ of habeas corpus, contending that he had already
been punished under the Double Jeopardy Clause contained in the Fifth Amendment of the United
States Constitution as a result of the administrative license suspension for the same offense. (2) On
July 18, 1995, the trial court held a hearing and denied habeas relief.

 The Double Jeopardy Clause protects an accused from: (1) a second prosecution
for the same offense after acquittal; (2) a second prosecution for the same offense after conviction;
and (3) multiple punishments for the same offense. United States v. Halper, 490 U.S. 435, 440
(1989). The third protection forms the basis of appellant's contention. Thus, the issue before us
is whether the forfeiture of appellant's driver's license for sixty days constituted "punishment"? 
It appears undisputed that the offense which formed the basis of the license forfeiture and the DWI
prosecution contain the same elements. See United States v. Blockburger, 284 U.S. 299, 304
(1932).

 The United States Supreme Court has, in the last six years, addressed the issue of
whether forfeiture constitutes punishment in three cases. In Halper, the Court found that, to the
extent that a civil sanction is not rationally related to the goal of making the government whole,
the sanction serves as punishment under the Double Jeopardy Clause. Halper, 490 U.S. at 441. 
The government had lost $488 as a result of fraudulent reimbursement claims to Medicare,
resulting in a conviction under the false claims statute. The government then sought to recover
a fine pursuant to a civil act relating to multiple false claims, subjecting the defendant to a penalty
of $130,000. The Supreme Court concluded that, in the "rare case" where the sanction imposed
is "overwhelmingly disproportionate to the damage he has caused" [and] "bears no rational
relation to the goal of compensating the Government for its loss," a defendant is entitled to an
accounting of the government's damages to determine if the penalty sought following criminal
prosecution constitutes a second punishment. Id. at 449.

 Following its decision in Halper, the Supreme Court in Austin v. United States, 509
U.S. , 125 L.Ed.2d 488 (1993), spoke to the issue of whether the Excessive Fines Clause of
the Eighth Amendment applies to forfeitures of property under the federal controlled substances
forfeiture statute. See 21 U.S.C.A. § 881 (West Supp. 1995). In Austin, the defendant pleaded
guilty to a drug related offense and was sentenced to seven years' imprisonment. The government
then filed suit seeking forfeiture of the defendant's home and body shop. The court concluded
that forfeiture under these provisions constitutes "payment to a sovereign as punishment for some
offense," and, as such, is subject to the limitations of the Eighth Amendment Excessive Fines
Clause. Id. at 505 (citations omitted). The court noted that the forfeiture of property has
absolutely no correlation to any damages sustained by society for the cost of enforcing the law. 
Id.

 The Supreme Court then considered whether a tax imposed on drugs ($100 per
ounce for marihuana and $250 per ounce for hashish) constituted punishment. See Montana Dept.
of Revenue v. Kurth Ranch, 128 L.Ed.2d 767 (1994). In Kurth Ranch, the defendants were found
guilty of conspiring to possess drugs with the intent to sell and were assessed punishments. The
State then sought to recover a tax from the defendants of almost $900,000 for the possession of
the marihuana and related items that formed the basis of the convictions. After noting that the
drugs presumably had been destroyed, the Court found that "[a] tax on `possession' of [drugs]
that no longer exist and that the taxpayer never lawfully possessed has an unmistakable punitive
character --- [the tax] departs so far from normal revenue laws as to become a form of
punishment." Id. at 781. The Court held that the proceeding initiated to collect a tax on the
possession of the drugs in this cause was the "functional equivalent of a successive criminal
prosecution that placed the [defendants] in jeopardy a second time `for the same offense.'" Id.
at 782.

 In a recent case, this Court held that a forfeiture to the State of the defendant's
vehicle based on the allegation that it was used to commit the felony offense of possession or
delivery of marihuana constituted punishment for the purpose of the Double Jeopardy Clause. Ex
parte Ariza, No. 3-95-00216-CR, slip op. at 15 (Tex. App.--Austin November 18, 1995, no pet.
h.). This Court observed that the unpredictability of the value of the forfeited property under the
Texas statute (3) "foreclosed the possibility of employing Halper's proportionality analysis in
determining whether forfeiture . . . can be characterized as wholly remedial or punitive." Id. at
12. We reasoned that, "while the forfeiture of actual contraband may be characterized as remedial
because it removes dangerous items from society, `there is nothing even remotely criminal in
possessing an automobile.'" Id. at 13 (quoting Austin, 125 L.Ed.2d at 505).

 A common thread running through all of the foregoing cases is the government's
attempt to forfeit property or raise revenue as punishment, in addition to seeking a conviction as
punishment for the offense. The nature of the interest and the rights that a licensee has in a
driver's license has been addressed by Texas courts for almost half a century. A driver's license
is not a right, but a privilege. Texas Dep't of Pub. Safety v. Schaejbe, 687 S.W.2d 727, 728
(Tex. 1985). Driving is not a constitutionally protected right, but a privilege. Raitano v. Texas
Dep't of Pub. Safety, 860 S.W.2d 549, 551 (Tex. App.--Houston [1st Dist.] 1993, writ denied). 
A license to drive an automobile on the streets is not property, but a privilege subject to
reasonable regulations formulated under the police power in the interest of the welfare and safety
of the general public. Coyle v. State, 775 S.W.2d 843, 846 (Tex. App.--Dallas 1989, no pet.). 
Therefore, suspension of a driver's license is not the taking of property. Gillespie v. Dep't of
Pub. Safety, 259 S.W.2d 177, 182 (Tex. 1953). The revocation of a driver's license is not
intended as punishment but is designed solely for the protection of the public in the use of the
highways. Davidson v. State, 313 S.W.2d 883, 886 (Tex. Crim. App. 1958) (opinion on
rehearing). In Texas Dep't of Pub. Safety v. Richardson, 384 S.W.2d 128 (Tex. 1964), the court
stated that it was not concerned with criminal penalties because a driver's license is not suspended
as additional punishment; rather it comes within an administrative and regulatory power vested
in the Department of Public Safety for the purpose of protecting the lives and property of those
using the highway. Id. at 132.

 Double jeopardy has not been violated when the State attempts to prosecute the
defendant for the offense of driving while intoxicated after an attempt has been made to suspend
the defendant's driver's license. Walton v. State, 831 S.W.2d 488, 491 (Tex. App.--Houston [14th
Dist.] 1992, no pet.). In a very recent case, the Fort Worth Court of Appeals held that a driver's
license suspension under article 6687b-1 has as its primary purpose the "State's remedial goal of
quickly protecting the public from drunk drivers." Ex parte Tharp, No. 2-95-208-CR, slip op.
at 16 (Tex. App.-- Ft. Worth, December 21, 1995, no pet. h.). See Voisnet v. State, 909 S.W.2d
262, 264 (Tex. App.--Houston [14th Dist.] 1995, pet. granted).

 In Fant v. State, 881 S.W.2d 830 (Tex. App.--Houston [14th Dist.] 1994, pet.
granted), cited by appellant, the defendant was charged with possession of a controlled substance. 
Id. at 831. Three days after the defendant's arrest, the State filed for forfeiture proceedings that
resulted in an agreed judgment, whereby the defendant forfeited $3,823 and a cellular telephone. 
The court concluded that the defendant had been punished for his criminal conduct by the
forfeiture of his property and that the Double Jeopardy Clause prohibited further punishment for
the same incident. Id. at 834. While finding that the forfeiture statute had some remedial goals,
the court held that the statute must be characterized as punitive under Austin. See Tex. Code
Crim. Proc. Ann. art. 59.06(c), (h) (West Supp. 1996). The court noted that funds derived under
the forfeiture statute may be used for such remedial purposes as law enforcement and treatment
of drug abuse. Fant, 881 S.W.2d at 834. Article 59.06(d) provides that with the approval of the
commissioners court, the attorney representing the State may use the "existence of an award to
increase a salary, expense, or allowance for an employee of the attorney or agency." In addition
to the traditional characterization of a driver's license as a privilege rather than property, we note
that its forfeiture furnishes no material benefits to State agencies or attorneys so as to give rise to
any claim of improper motive in seeking its suspension.

 The decisions of Texas courts regarding driver's license revocation appear to be
in accord with the holdings of courts in other jurisdictions. In State v. Nichols, 819 P.2d 995
(Ariz. App. 1991), the court held that driver's license suspensions are "primarily remedial," citing
cases from a number of other states for the proposition that driver's license suspensions were
intended to make the roads safer, not to punish the defendant. Id. at 998-99. The court, citing
Halper, noted that the fact that a statute designed primarily to serve remedial purposes incidentally
serves the purposes of punishment as well does not mean that the statute results in punishment for
double jeopardy purposes. Id. at 998. In Butler v. Department of Public Safety, 609 So. 2d 790
(La. 1992), the court held that a statute suspending the licenses of drivers who fail a breath test
was not a bar to criminal prosecution of those same drivers. Id. at 797. In finding that the
suspension was not punishment, the court emphasized that the primary effect of the statute was
remedial rather than punishment. Id. Further, the Vermont Supreme Court stated that its driver's
license suspension statute served the rational remedial purpose of protecting public safety by
quickly removing drivers from the road. State v. Strong, 605 A.2d 510, 513 (Vt. 1992).

 We hold that the primary effect of driver's license suspension under article 6687b-1
is remedial; it therefore does not constitute punishment so as to bar prosecution for the same
offense under the Double Jeopardy Clause of the Fifth Amendment.

 The trial court's denial of habeas corpus relief is affirmed.



 

 Tom G. Davis, Justice

Before Chief Justice Carroll, Justices B. A. Smith and Davis*

Affirmed

Filed: February 7, 1996

Publish











* Before Tom G. Davis, Judge (retired), Court of Criminal Appeals, sitting by assignment. See
Tex. Gov't Code Ann. § 74.003(b) (West 1988).
1.   Appellant's license was suspended pursuant to Act of May 29, 1993, 73d Leg., R.S.,
ch. 886, § 1, 1993 Tex. Gen. Laws 3535, 3516 (Tex. Rev. Civ. Stat. Ann. art. 6687b-1). This
statute has since been amended and codified at Tex. Transp. Code Ann. ch. 524 (West 1996).
2.   Appellant's application of writ of habeas corpus in the trial court urged both state and
federal double jeopardy provisions. However, appellant's appeal is limited to the federal
constitutional guarantee against double jeopardy.
3.   See Tex. Code Crim. Proc. Ann. arts. 59.01(2), 59.02 (West Supp. 1996).



 Double Jeopardy Clause prohibited further punishment for
the same incident. Id. at 834. While finding that the forfeiture statute had some remedial goals,
the court held that the statute must be characterized as punitive under Austin. See Tex. Code
Crim. Proc. Ann. art. 59.06(c), (h) (West Supp. 1996). The court noted that funds derived under
the forfeiture statute may be used for such remedial purposes as law enforcement and treatment
of drug abuse. Fant, 881 S.W.2d at 834. Article 59.06(d) provides that with the approval of the
commissioners court, the attorney representing the State may use the "existence of an award to
increase a salary, expense, or allowance for an employee of the attorney or agency." In addition
to the traditional characterization of a driver's license as a privilege rather than property, we note
that its forfeiture furnishes no material benefits to State agencies or attorneys so as to give rise to
any claim of improper motive in seeking its suspension.

 The decisions of Texas courts regarding driver's license revocation appear to be
in accord with the holdings of courts in other jurisdictions. In State v. Nichols, 819 P.2d 995
(Ariz. App. 1991), the court held that driver's license suspensions are "primarily remedial," citing
cases from a number of other states for the proposition that driver's license suspensions were
intended to make the roads safer, not to punish the defendant. Id. at 998-99. The court, citing
Halper, noted that the fact that a statute designed primarily to serve remedial purposes incidentally
serves the purposes of punishment as well does not mean that the statute results in punishment for
double jeopardy purposes. Id. at 998. In Butler v. Department of Public Safety, 609 So. 2d 790
(La. 1992), the court held that a statute suspending the licenses of drivers who fail a breath test
was not a bar to criminal prosecution of those same drivers. Id. at 797. In finding that the
suspension was not punishment, the court emphasized that the primary effect of the statute was
remedial rather than punishment. Id. Further, the Vermont Supreme Court stated that its driver's
license suspension statute served the rational remedial purpose of protecting public safety by
quickly removing drivers from the road. State v. Strong, 605 A.2d 510, 513 (Vt. 1992).

 We hold that the primary effect of driver's license suspension under article 6687b-1
is remedial; it therefore does not constitute punishment so as to bar prosecution for the same
offense under the Double Jeopardy Clause of the Fifth Amendment.

 The trial court's denial of habeas corpus relief is affirmed.