Traynor v. State 



TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN








NO. 03-95-00623-CR








John Alan Traynor, Appellant




v.




The State of Texas, Appellee








FROM THE COUNTY COURT AT LAW N0. 3 OF TRAVIS COUNTY,


NO. 443-197, HONORABLE DAVID CRAIN, JUDGE PRESIDING








 Appellant was charged with the offense of driving while intoxicated ("DWI"). See
Tex. Penal Code Ann. § 49.04 (West 1994). Appellant filed a special plea claiming that the
double jeopardy provisions of the state and federal constitutions barred the prosecution. See U.S.
Const. amend. V; Tex. Const. art. I, § 14. Appellant claimed that he was previously punished
for the same incident when the State revoked his driver's license in an administrative license
revocation hearing. The trial court overruled his special plea. Appellant pleaded nolo contendere
and was convicted. In a sole point of error, appellant complains that the trial court erred in
overruling his special plea of former jeopardy.



BACKGROUND


 The record contains no statement of facts. However, the parties stipulated to the
following facts which were incorporated into the trial court's order overruling appellant's special
plea:



1. That Defendant was arrested on August 16, 1995, for the offense of Driving
While Intoxicated, and, at the request of the arresting officer, Defendant
submitted a specimen of his breath.


2. That subsequent to the above arrest Defendant's driving privileges were
suspended pursuant to ARTICLE 6687b, VERNON'S CIVIL STATUTES, (1)
for a period of 60 days. Said suspension order has become final.


3. That the above suspension was entered because the analysis of the above
referenced breath specimen submitted by Defendant showed that on August
16, 1995, Defendant drove or operated a motor vehicle in a public place with
an alcohol concentration of .10, or more.



DISCUSSION


 Appellant argues that double jeopardy bars prosecution of the DWI offense because
he has already been punished for the same conduct when his license was revoked. Therefore,
appellant argues, the trial court erred in overruling his special plea of former jeopardy. 

 The Double Jeopardy Clause of the Fifth Amendment protects the accused against
multiple punishments for the same offense. United States v. Halper, 490 U.S. 435, 440 (1989). 
The Texas and Federal versions of the Double Jeopardy Clause are essentially identical. Ex Parte
Tomlinson, 886 S.W.2d 544, 546 (Tex. App.--Austin 1994, no pet.). Therefore, the issue before
us is whether the forfeiture of appellant's driver's license for sixty days constituted "punishment."

 This Court has recently held that suspension of a driver's license is not punishment
so as to bar prosecution for the same DWI offense. See Ex parte Arnold, 916 S.W.2d 640, 643
(Tex. App.--Austin 1996, pet. filed). The United States Supreme Court has addressed the issue
of whether forfeitures constitute punishment so as to bar prosecutions growing out of the same
offenses in three opinions since 1989. See Montana Dept. of Revenue v. Kurth Ranch, 114 S. Ct.
1937 (1994); Austin v. United States, 509 U.S. ___, 113 S. Ct. 2801 (1993); Halper, 490 U.S.
435 (1989). We reviewed these opinions in Arnold and will not repeat the discussion here.

 We note that the First District Court of Appeals has recently issued its opinion in
Ex parte Helber, No. 01-95-00926-CR (Tex. App.--Houston [1st Dist.] February 1, 1996, no pet.
h.). There the court noted that a nationwide survey of decisions showed that courts have almost
uniformly held that an administrative license suspension does not prohibit a later prosecution for
DWI. Id., slip op. at 9.

 In Arnold, we found a bright line distinction between the cases where the
government attempted to forfeit property or raise revenue and those cases where the State attempts
to suspend a driver's license. Arnold, 916 S.W.2d at 642. The Supreme Court noted in Austin
that forfeiture has been historically understood as punishing the owner of forfeited property. 
Austin, 113 S. Ct. at 2810; see Ex parte Ariza, 913 S.W.2d 215, 220 (Tex. App.--Austin 1995,
pet. filed); see also Bennis v. Michigan, No. 94-8729 (U.S. March 4, 1996). On the other hand,
courts have traditionally held that a license to drive an automobile is not property, but a privilege
subject to reasonable regulation in the interest of the welfare and safety of the public. Arnold, 916
S.W.2d at 642; Coyle v. State, 775 S.W.2d 843, 846 (Tex. App.--Dallas 1989, no pet.).

 We adhere to our holding in Arnold that the holder of a driver's license possesses
a privilege rather than an interest in property and that its suspension serves the remedial purpose
of protecting public safety by quickly removing drivers from the road. Accordingly, we hold that
the suspension of appellant's driver's license in this case did not constitute punishment for the
same DWI offense under the double jeopardy protections afforded under the state and federal
constitutions. We overrule appellant's sole point of error and affirm the trial court's judgment
of conviction.



 

 Marilyn Aboussie, Justice

Before Chief Justice Carroll, Justices Aboussie and Kidd

Affirmed

Filed: May 15, 1996

Do Not Publish

1.   The statutes concerning license revocation have since been amended and codified at
Tex. Transp. Code Ann. §§ 724.031 et seq. (West 1996). 


sion was entered because the analysis of the above
referenced breath specimen submitted by Defendant showed that on August
16, 1995, Defendant drove or operated a motor vehicle in a public place with
an alcohol concentration of .10, or more.



DISCUSSION


 Appellant argues that double jeopardy bars prosecution of the DWI offense because
he has already been punished for the same conduct when his license was revoked. Therefore,
appellant argues, the trial court erred in overruling his special plea of former jeopardy. 

 The Double Jeopardy Clause of the Fifth Amendment protects the accused against
multiple punishments for the same offense. United States v. Halper, 490 U.S. 435, 440 (1989). 
The Texas and Federal versions of the Double Jeopardy Clause are essentially identical. Ex Parte
Tomlinson, 886 S.W.2d 544, 546 (Tex. App.--Austin 1994, no pet.). Therefore, the issue before
us is whether the forfeiture of appellant's driver's license for sixty days constituted "punishment."