EX PARTE AMAN 



TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-95-00700-CR







Ex Parte: Peter Aman, Appellant







FROM THE DISTRICT COURT OF TRAVIS COUNTY, 299TH JUDICIAL DISTRICT


NO. 95-13457, HONORABLE JON WISSER, JUDGE PRESIDING








 Appeal is taken from the trial court's denial of habeas corpus relief. Appellant
contends that the trial court erred in holding that an administrative driver's license suspension is
not punishment so as to bar further prosecution for the same offense. (1) We will affirm.



BACKGROUND


 Appellant was arrested on or about August 28, 1994 for the offense of driving
while intoxicated (DWI) and refused to submit to a breath test as requested by the arresting
officer. Appellant was advised that his driving privileges would be suspended pursuant to Texas
law. See art. 6701l-5, § 2(d) (now Transp. Code § 724.032). Because of appellant's prior
convictions for DWI, a felony information was filed charging appellant with driving while
intoxicated. In a letter dated October 17, 1994, the Texas Department of Public Safety notified
appellant that his driver's license would be suspended for ninety days. See art. 6701l-5, § 2(i)
(now Transp. Code § 724.035). 

 Appellant requested a driver's license suspension hearing. After the evidence was
presented at that hearing, the trial court suspended appellant's driver's license for ninety days. 
Appellant then filed an application for writ of habeas corpus in the district court on October 25,
1995. The trial court heard the matter and overruled appellant's writ of habeas corpus on
November 22, 1995. Appellant appeals this order denying him habeas corpus relief.



DISCUSSION


 Appellant contends that the trial court erred in denying the relief requested in his
application for writ of habeas corpus because criminal prosecution of appellant for the alleged
felony offense of DWI is barred by the Double Jeopardy Clause of the Fifth Amendment to the
United States Constitution. The Double Jeopardy Clause of the Fifth Amendment protects an
accused from multiple punishments for the same offense. United States v. Halper, 490 U.S. 435,
440 (1989). Thus, the issue before us is whether the forfeiture of appellant's driver's license for
ninety days constituted "punishment."

 This Court has recently held that suspension of a driver's license is not punishment
so as to bar prosecution for the same DWI offense. See Ex parte Arnold, 916 S.W.2d 640, 643
(Tex. App.--Austin 1996, no pet.). The United States Supreme Court has addressed the issue of
whether forfeitures constitute punishment so as to bar prosecutions growing out of the same
offenses in three opinions since 1989. See Montana Dep't of Revenue v. Kurth Ranch, 114 S. Ct.
1937 (1994); Austin v. United States, 509 U.S. ___, 113 S. Ct. 2801 (1993); Halper, 490 U.S.
435 (1989). We reviewed these opinions in Arnold and will not repeat the discussion here. See
Arnold, 916 S.W.2d at 641-42. 

 We note that another Texas Court of Appeals has recently addressed this issue. In
Helber v. State, 915 S.W.2d 955 (Tex. App.--Houston [1st Dist.] 1996, no pet.), the First Court
of Appeals noted that a nationwide survey of decisions showed that courts have almost uniformly
held that an administrative license suspension does not prohibit a later prosecution for DWI. Id.
at 961.

 In Arnold, this Court found a bright-line distinction between the cases where the
government attempted to forfeit property or raise revenue and those cases where the State attempts
to suspend a driver's license. Ex parte Arnold, 916 S.W.2d at 642. The Supreme Court noted
in Austin that forfeiture has been historically understood as punishing the owner of forfeited
property. Austin, 113 S. Ct. at 2810; see Ex parte Ariza, 913 S.W.2d 215, 220 (Tex.
App.--Austin 1995, pet. filed). On the other hand, courts have traditionally held that a license to
drive an automobile is not property, but a privilege subject to reasonable regulation in the interest
of the welfare and safety of the public. Ex parte Arnold, 916 S.W.2d at 642; Coyle v. State, 775
S.W.2d 843, 846 (Tex. App.--Dallas 1989, no pet.).

 We adhere to our decision in Arnold that the holder of a driver's license possesses
a privilege rather than an interest in property and that its suspension serves the remedial purpose
of protecting public safety by quickly removing drivers from the road. Accordingly, we hold that
the suspension of appellant's driver's license in this case did not constitute punishment for the
same DWI offense under the Double Jeopardy clause.

CONCLUSION


 The trial court's denial of habeas corpus relief is affirmed.



 

 Jimmy Carroll, Chief Justice

Before Chief Justice Carroll, Justices Kidd and Onion*


Affirmed


Filed: May 29, 1996


Do Not Publish 




















* Before John F. Onion, Jr., Presiding Judge (retired), Court of Criminal Appeals, sitting by
assignment. See Tex. Gov't Code Ann. § 74.003(b) (West 1988).

1.   Appellant's license was suspended pursuant to Act of May 29, 1993, 73d Leg., R.S.,
ch. 886, § 9, 1993 Tex. Gen. Laws 3515, 3523 (Tex. Rev. Civ. Stat. Ann. art. 6701l-5,
§ 2, since amended and codified at Tex. Transp. Code Ann. §§ 724.031 et seq. (West 1996)). 


 Thus, the issue before us is whether the forfeiture of appellant's driver's license for
ninety days constituted "punishment."

 This Court has recently held that suspension of a driver's license is not punishment
so as to bar prosecution for the same DWI offense. See Ex parte Arnold, 916 S.W.2d 640, 643
(Tex. App.--Austin 1996, no pet.). The United States Supreme Court has addressed the issue of
whether forfeitures constitute punishment so as to bar prosecutions growing out of the same
offenses in three opinions since 1989. See Montana Dep't of Revenue v. Kurth Ranch, 114 S. Ct.
1937 (1994); Austin v. United States, 509 U.S. ___, 113 S. Ct. 2801 (1993); Halper, 490 U.S.
435 (1989). We reviewed these opinions in Arnold and will not repeat the discussion here. See
Arnold, 916 S.W.2d at 641-42.