TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-96-00012-CR






Ex Parte: Linda Marie Siemering, Appellant









FROM THE COUNTY COURT AT LAW OF CALDWELL COUNTY


NO. 23,407, HONORABLE EDWARD L. JARRETT, JUDGE PRESIDING







PER CURIAM


 Linda Marie Siemering appeals from the county court at law's denial of habeas
corpus relief. Tex. R. App. P. 44. In a single point of error, appellant asserts that the court
erred in holding that an administrative driver's license suspension did not serve as a double
jeopardy bar to her prosecution for driving while intoxicated. We will affirm.

 The facts were stipulated below. Appellant was arrested for driving while
intoxicated on August 28, 1994, and refused the arresting officer's request that she submit to a
breath test. On April 20, 1995, after the requisite notice and hearing, a hearing officer found that
probable cause existed to believe that appellant was driving while intoxicated and that she refused
to give a specimen of her breath. Accordingly, appellant's driver's license was suspended for 90
days pursuant to the implied consent law. (1) Meanwhile, on February 24, 1995, an information was
filed in Caldwell County cause number 23,157 accusing appellant of driving while intoxicated on
August 28, 1994.

 The federal Double Jeopardy Clause protects an accused from multiple punishment
for the same offense. United States v. Halper, 490 U.S. 435, 440 (1989); U.S. Const. amend.
V. In three opinions since 1989, the United States Supreme Court has addressed the issue of
whether a forfeiture constitutes punishment that bars prosecution growing out of the same offense. 
See Montana Dep't of Revenue v. Kurth Ranch, 511 U.S. , 128 L. Ed. 2d 767 (1994); Austin
v. United States, 509 U.S. , 125 L. Ed. 2d 488 (1993); Halper, 490 U.S. 435. Invoking these
opinions, appellant argues that the suspension of her driver's license constituted punishment for
driving while intoxicated that bars prosecution in cause number 23,157.

 We recently reviewed the cited Supreme Court opinions and concluded that the
administrative suspension of a driver's license after failing a test for intoxication did not constitute
punishment within the meaning of the Double Jeopardy Clause and thus did not bar prosecution
for the same driving while intoxicated offense. Ex parte Arnold, 916 S.W.2d 640 (Tex.
App.--Austin 1996, pet. filed). (2) We found a bright line distinction between cases where the
government attempts to forfeit property or raise revenue and those cases where the State attempts
to suspend a driver's license. Id. at 642. Texas courts have long held that a license to drive an
automobile on the streets is neither property nor a constitutionally protected right, but rather a
privilege subject to reasonable regulations in the interest of the welfare and safety of the public. 
See Raitano v. Texas Dep't of Pub. Safety, 860 S.W.2d 549, 551 (Tex. App.--Houston [1st Dist.]
1993, writ denied); Coyle v. State, 775 S.W.2d 843, 846 (Tex. App.--Dallas 1989, no pet.). The
revocation of a driver's license is not intended as punishment but is designed solely for the
protection of the public in the use of the highways. Davidson v. State, 313 S.W.2d 883, 886
(Tex. Crim. App. 1958) (opinion on rehearing). While many of these cases construing the rights
and interests possessed by licensees predated Halper, we would be remiss if we did not look to
them for guidance.

 In addition to the Texas appellate opinions cited in Arnold, a more recent court of
appeals opinion reviewed a nationwide survey of decisions which have almost uniformly held that
an administrative license suspension does not prohibit a later prosecution for driving while
intoxicated. Helber v. State, 915 S.W.2d 955, 960-62 (Tex. App.--Houston [1st Dist.] 1996, no
pet. h.) We adhere to our ruling in Arnold that the holder of a driver's license possesses a
privilege rather than an interest in property and that its suspension serves the remedial purpose
of protecting public safety by quickly removing drivers from the road. Arnold, 916 S.W.2d at
643; see State v. Strong, 605 A.2d 510, 513 (Vt. 1992).

 Under the implied consent law, appellant's driver's license was suspended because
she refused to give a specimen of her breath for analysis to determine alcohol concentration
following her arrest for driving while intoxicated. The hearing officer did not find that appellant
drove a motor vehicle in a public place while intoxicated, but only that the arresting officer had
probable cause to believe that she did so. See former art. 6701l-5, § 2(f) (now Transp. Code §
724.042). The State urges that because the implied consent law does not require proof of
intoxication and the driving while intoxicated statute does not require proof that a breath specimen
was refused, the latter is not the "same offense" as the former. See Blockburger v. United States,
284 U.S. 299, 303-04 (1932). Because we determined in Arnold that the administrative
suspension of a driver's license is not punishment for double jeopardy purposes, we need not
address this argument.

 We hold that the suspension of appellant's driver's license does not bar her
prosecution for driving while intoxicated under the Double Jeopardy Clause. We overrule the
point of error and affirm the trial court's order denying habeas corpus relief.


Before Chief Justice Carroll, Justices Aboussie and Kidd

Affirmed

Filed: June 26, 1996

Do Not Publish

1.   Act of May 29, 1993, 73d Leg., R.S., ch. 886, § 9, 1993 Tex. Gen. Laws 3515, 3523
(Tex. Rev. Civ. Stat. Ann. art. 6701l-5, since amended and codified at Tex. Transp. Code Ann.
ch. 724 (West 1996)). 
2.   See Act of May 29, 1993, 73d Leg., R.S., ch. 886, § 1, 1993 Tex. Gen. Laws 3515, 3516
(Tex. Rev. Civ. Stat. Ann. art. 6687b-1, since amended and codified at Tex. Transp. Code Ann.
ch. 524 (West 1996)). In Arnold, it was undisputed that the administrative license suspension and
the driving while intoxicated prosecution were the "same offense," and our opinion was premised
on that undisputed fact.


rosecution in cause number 23,157.

 We recently reviewed the cited Supreme Court opinions and concluded that the
administrative suspension of a driver's license after failing a test for intoxication did not constitute
punishment within the meaning of the Double Jeopardy Clause and thus did not bar prosecution
for the same driving while intoxicated offense. Ex parte Arnold, 916 S.W.2d 640 (Tex.
App.--Austin 1996, pet. filed). (2) We found a bright line distinction between cases where the
government attempts to forfeit property or raise revenue and those cases where the State attempts
to suspend a driver's license. Id. at 642. Texas courts have long held that a license to drive an
automobile on the streets is neither property nor a constitutionally protected right, but rather a
privilege subject to reasonable regulations in the interest of the welfare and safety of the public. 
See Raitano v. Texas Dep't of Pub. Safety, 860 S.W.2d 549, 551 (Tex. App.--Houston [1st Dist.]
1993, writ denied); Coyle v. State, 775 S.W.2d 843, 846 (Tex. App.--Dallas 1989, no pet.). The
revocation of a driver's license is not intended as punishment but is designed solely for the
protection of the public in the use o