TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-96-00183-CR






Ex Parte: Lisa Powell, Appellant









FROM THE COUNTY COURT AT LAW NO. 2 OF HAYS COUNTY


NO. 37,058, HONORABLE LINDA A. RODRIGUEZ, JUDGE PRESIDING







PER CURIAM


 Lisa Powell appeals from the county court at law's denial of habeas corpus relief. 
Tex. R. App. P. 44. In a single point of error, appellant asserts that the court erred in holding
that an administrative driver's license suspension does not serve as a double jeopardy bar to her
prosecution for driving while intoxicated.

 The pending information accuses appellant of driving while intoxicated on May 22,
1992. In her application for writ of habeas corpus, appellant stated that following her arrest on
that date, she refused the arresting officer's request that she submit to a breath test. As a result,
her driver's license was suspended pursuant to the implied consent law. (1) Invoking three recent
opinions by the United States Supreme Court, appellant contends that the suspension of her
driver's license constituted punishment for driving while intoxicated and bars further prosecution
under the Double Jeopardy Clause. See Montana Dep't of Revenue v. Kurth Ranch, 511 U.S. 
 , 128 L. Ed. 2d 767 (1994); Austin v. United States, 509 U.S. , 125 L. Ed. 2d 488 (1993);
United States v. Halper, 490 U.S. 435, 440 (1989); U.S. Const. amend. V. 

 A habeas corpus application, while sworn, is but a pleading and does not prove
itself. Ex parte Wells, 332 S.W.2d 565 (Tex. Crim. App. 1960). There is no evidence in the
record before us that appellant's driver's license was suspended following her arrest for the
offense alleged in the pending information. Moreover, we recently reviewed the cited Supreme
Court opinions and concluded that the administrative suspension of a driver's license after failing
a test for intoxication did not constitute punishment within the meaning of the Double Jeopardy
Clause and thus did not bar prosecution for the same driving while intoxicated offense. Ex parte
Arnold, 916 S.W.2d 640 (Tex. App.--Austin 1996, pet. filed). (2) 

 For the reasons stated, we overrule the point of error and affirm the trial court's
order denying habeas corpus relief.


Before Justices Powers, Jones and B. A. Smith

Affirmed

Filed: July 17, 1996

Do Not Publish
1. Act of May 29, 1993, 73d Leg., R.S., ch. 886, § 9, 1993 Tex. Gen. Laws 3515, 3523
(Tex. Rev. Civ. Stat. Ann. art. 6701l-5, since amended and codified at Tex. Transp. Code Ann.
ch. 724 (West 1996)). 
2. See Act of May 29, 1993, 73d Leg., R.S., ch. 886, § 1, 1993 Tex. Gen. Laws 3515, 3516
(Tex. Rev. Civ. Stat. Ann. art. 6687b-1, since amended and codified at Tex. Transp. Code Ann.
ch. 524 (West 1996)). In Arnold, it was undisputed that the administrative license suspension and
the driving while intoxicated prosecution were the "same offense," and our opinion was premised
on that undisputed fact.




TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-96-00183-CR






Ex Parte: Lisa Powell, Appellant









FROM THE COUNTY COURT AT LAW NO. 2 OF HAYS COUNTY


NO. 37,058, HONORABLE LINDA A. RODRIGUEZ, JUDGE PRESIDING







PER CURIAM


 Lisa Powell appeals from the county court at law's denial of habeas corpus relief. 
Tex. R. App. P. 44. In a single point of error, appellant asserts that the court erred in holding
that an administrative driver's license suspension does not serve as a double jeopardy bar to her
prosecution for driving while intoxicated.

 The pending information accuses appellant of driving while intoxicated on May 22,
1992. In her application for writ of habeas corpus, appellant stated that following her arrest on
that date, she refused the arresting officer's request that she submit to a breath test. As a result,
her driver's license was suspended pursuant to the implied consent law. (1) Invoking three recent
opinions by the United States Supreme Court, appellant contends that the suspension of her
driver's license constituted punishment for driving while intoxicated and bars further prosecution
under the Double Jeopardy Clause. See Montana Dep't of Revenue v. Kurth Ranch, 511 U.S. 
 , 128 L. Ed. 2d 767 (1994); Austin v. United States, 509 U.S. , 125 L. Ed. 2d 488 (1993);
United States v. Halper, 490 U.S. 435, 440 (1989); U.S. Const. amend. V. 

 A habeas corpus application, while sworn, is but a pleading and does not prove
itself. Ex parte Wells, 332 S.W.2d 565 (Tex. Crim. App. 1960). There is no evidence in the
record before us that appellant's driver's license was suspended following her arrest for the
offense alleged in the pending information. Moreover, we recently reviewed the cited Supreme
Court opinions and concluded that the administrative suspension of a driver's license after failing
a test for intoxication did not constitute punishment within the meaning of the Double Jeopardy
Clause and thus did not bar prosecution for the same driving while intoxicated offense. Ex parte
Arnold, 916 S.W.2d 640 (Tex. App.--Austin 1996, pet. filed). (2) 

 For the reasons stated, we overrule the point of error and affirm the trial court's
order denying habeas corpus relief.


Before Justices Powers, Jones and B. A. Smith

Affirmed

Filed: July 17, 1996

Do Not Publish
1. Act of May 29, 1993, 73d Leg., R.S., ch. 886, § 9, 1993 Tex. Gen. Laws 3515, 3523
(Tex. Rev. Civ. Stat. Ann. art. 6701l-5, since amended and codified at Tex. Transp. Code Ann.
ch. 724 (West 1996)). 
2. See Act of May 29, 1993, 73d Leg., R.S., ch. 886, § 1, 1993 Tex. Gen. Laws 3515, 3516
(Tex. Rev. Civ. Stat. Ann. art. 6687b-1, since amended and codified at Tex. Transp. Code Ann.
ch. 524 (West 1996)). In Arnold, it was undisputed that the administrative license suspension and
the driving while intoxicated prosecutio