TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

NO. 03-96-00271-CR

Concepcion O. Franco, Appellant

v.

The State of Texas, Appellee

FROM THE COUNTY COURT OF SAN SABA COUNTY

NO. 5,603, HONORABLE HARLEN BARKER, JUDGE PRESIDING

PER CURIAM

 A jury found appellant guilty of driving while intoxicated, second offense. See
Tex. Penal Code Ann. §§ 49.04(a), .09(a) (West Supp. 1996). The jury assessed punishment at
incarceration for one year and a $4000 fine. On the jury's recommendation, the county court
suspended imposition of sentence and placed appellant on community supervision.

 In his only point of error, appellant contends his special plea of former jeopardy
was erroneously overruled. Tex. Code Crim. Proc. Ann. art. 27.05 (West 1989). Appellant
contends that an administrative driver's license suspension constituted punishment for this offense
and barred prosecution of this cause on double jeopardy grounds. Act of May 29, 1993, 73d
Leg., R.S., ch. 886, § 1, 1993 Tex. Gen. Laws 3515, 3516 (Tex. Rev. Civ. Stat. Ann. art.
6687b-1, since amended and codified at Tex. Transp. Code Ann. ch. 524).

 Appellant's special plea was not verified. Tex. Code Crim. Proc. Ann. art. 27.06
(West 1989). The appellate record does not contain a statement of facts. Thus, there is no
evidence that appellant's driver's license was in fact suspended on the basis of the same
transaction that underlies the present prosecution. Further, we have held that an administrative
driver's license suspension is not punishment for double jeopardy purposes. Ex parte Arnold, 916
S.W.2d 640, 643 (Tex. App.--Austin 1996, pet. filed). The point of error is overruled.

 The judgment of conviction is affirmed.

Before Justices Powers, Jones and B. A. Smith

Affirmed

Filed: August 28, 1996

Do Not Publish