TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

NO. 03-96-00238-CR

Ex Parte: William Dale Percefull, Appellant

FROM THE COUNTY COURT AT LAW NO. 1 OF HAYS COUNTY

NO. 43,413, HONORABLE HOWARD S. WARNER II, JUDGE PRESIDING

PER CURIAM

 William Percefull appeals from the county court at law's denial of habeas corpus relief. 
Tex. R. App. P. 44. In a single point of error, appellant contends the court erred by holding that an
administrative driver's license suspension did not serve as a double jeopardy bar to his prosecution for
driving while intoxicated.

 The pending information accuses appellant of driving while intoxicated on March 17, 1995. 
Following his arrest on that date, appellant refused the request that he submit to a breath test for alcohol
concentration. As a consequence, appellant's driver's license was suspended for ninety days. Act of May
29, 1993, 73d Leg., R.S., ch. 886, § 9, 1993 Tex. Gen. Laws 3515, 3523 (Tex. Rev. Civ. Stat. Ann. art.
6701l-5, since amended and codified at Tex. Transp. Code Ann. ch. 724 (West 1996)). Invoking recent
opinions by the United States Supreme Court, appellant contends that the suspension of his driver's license
constituted punishment for driving while intoxicated and bars further prosecution under the Double
Jeopardy Clause. See Montana Dep't of Revenue v. Kurth Ranch, 511 U.S. ___, 128 L. Ed. 2d 767
(1994); Austin v. United States, 509 U.S. ___, 125 L. Ed. 2d 488 (1993); United States v. Halper,
490 U.S. 435, 440 (1989); U. S. Const. amend. V.

 We recently reviewed the cited Supreme Court opinions and concluded that the
administrative suspension of a driver's license did not constitute punishment within the meaning of the
Double Jeopardy Clause and therefore did not bar prosecution for the same driving while intoxicated
offense. Ex parte Arnold, 916 S.W.2d 640 (Tex. App.--Austin 1996, pet. filed). We found a clear
distinction between government attempts to forfeit property or raise revenue and those cases in which the
State attempts to suspend a driver's license. Id. at 642. The holder of a driver's license possesses a
privilege rather than an interest in property and its suspension serves the remedial purpose of protecting
public safety. Id. at 643; and see United States v. Ursery, ___ U.S. ___, 135 L. Ed. 2d 549, 571
(1996) (civil forfeitures neither punishment nor criminal for purpose of double jeopardy analysis). 

 For the reasons stated in Arnold, the administrative suspension of appellant's driver's
license does not bar his prosecution for driving while intoxicated under the Double Jeopardy Clause. We
overrule the point of error and affirm the order denying habeas corpus relief.

Before Justices Powers, Aboussie and Jones

Affirmed

Filed: October 16, 1996

Do Not Publish