TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

NO. 03-96-00239-CR

Ex Parte: Armando Ortiz, Appellant

FROM THE COUNTY COURT AT LAW NO. 1 OF HAYS COUNTY

NO. 43,551, HONORABLE HOWARD S. WARNER II, JUDGE PRESIDING

PER CURIAM

 Armando Ortiz appeals from the county court at law's denial of habeas corpus relief. Tex.
R. App. P. 44. In a single point of error, appellant contends the court erred by holding that an
administrative driver's license suspension did not serve as a double jeopardy bar to his prosecution for
driving while intoxicated.

 The pending information accuses appellant of driving while intoxicated. In his writ
application, appellant stated that he refused a request that he submit to a breath test for alcohol
concentration following his arrest and that, as a consequence, his driver's license was suspended for ninety
days. Act of May 29, 1993, 73d Leg., R.S., ch. 886, § 9, 1993 Tex. Gen. Laws 3515, 3523 (Tex. Rev.
Civ. Stat. Ann. art. 6701l-5, since amended and codified at Tex. Transp. Code Ann. ch. 724 (West
1996)). Invoking recent opinions by the United States Supreme Court, appellant contends that the
suspension of his driver's license constituted punishment for driving while intoxicated and bars further
prosecution under the Double Jeopardy Clause. See Montana Dep't of Revenue v. Kurth Ranch, 511
U.S. ___, 128 L. Ed. 2d 767 (1994); Austin v. United States, 509 U.S. ___, 125 L. Ed. 2d 488 (1993);
United States v. Halper, 490 U.S. 435, 440 (1989); U. S. Const. amend. V.

 This appeal is before us without a statement of facts or stipulated evidence. The habeas
corpus application, while sworn, is but a pleading and does not prove itself. Ex parte Wells, 332 S.W.2d
565 (Tex. Crim. App. 1960). There is no evidence in the record before us that appellant's driver's license
was suspended following his arrest for the offense alleged in the pending information. Moreover, we
recently reviewed the cited Supreme Court opinions and concluded that the administrative suspension of
a driver's license did not constitute punishment within the meaning of the Double Jeopardy Clause and
therefore did not bar prosecution for the same driving while intoxicated offense. Ex parte Arnold, 916
S.W.2d 640 (Tex. App.--Austin 1996, pet. filed); and see United States v. Ursery, ___ U.S. ___, 135
L. Ed. 2d 549, 571 (1996) (civil forfeitures neither punishment nor criminal for purpose of double jeopardy
analysis). 

 For the reasons stated, we overrule the point of error and affirm the order denying habeas
corpus relief.

Before Justices Powers, Aboussie and Jones

Affirmed

Filed: October 30, 1996

Do Not Publish