TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-96-00365-CR








Robert Errett Cummings, Appellant




v.




The State of Texas, Appellee








FROM THE COUNTY COURT AT LAW NO. 3 OF TRAVIS COUNTY


NO. 431997, HONORABLE DAVID CRAIN, JUDGE PRESIDING







PER CURIAM


 The county court at law found appellant guilty of driving while intoxicated. See Tex. Penal
Code Ann. § 49.04 (West 1994 & Supp. 1996). The court assessed punishment at incarceration for 120
days and a $2000 fine, suspended imposition of sentence, and placed appellant on community supervision. 


 In a single point of error, appellant contends the court erred by overruling his special plea
of former jeopardy. Tex. Code Crim. Proc. Ann. art. 27.05 (West 1989). He argues that prosecution of
this offense was barred by a previous administrative driver's license suspension.

 Following his arrest for this offense, appellant took and failed a test for alcohol
concentration. As a consequence, appellant's driver's license was suspended for sixty days. Act of May
29, 1993, 73d Leg., R.S., ch. 886, § 1, 1993 Tex. Gen. Laws 3515, 3516 (Tex. Rev. Civ. Stat. Ann. art.
6687b-1, since amended and codified at Tex. Transp. Code Ann. ch. 524). Invoking recent opinions by
the United States Supreme Court, appellant contends that the suspension of his driver's license constituted
punishment for driving while intoxicated and barred further prosecution under the Double Jeopardy Clause. 
See Montana Dep't of Revenue v. Kurth Ranch, 511 U.S. ___, 128 L.Ed.2d 767 (1994); Austin v.
United States, 509 U.S. ___, 125 L.Ed.2d 488 (1993); United States v. Halper, 490 U.S. 435, 440
(1989); U. S. Const. amend. V.

 We recently reviewed the cited Supreme Court opinions and concluded that the
administrative suspension of a driver's license did not constitute punishment within the meaning of the
Double Jeopardy Clause and therefore did not bar prosecution for the same driving while intoxicated
offense. Ex parte Arnold, 916 S.W.2d 640 (Tex. App.--Austin 1996, pet. filed). We found a clear
distinction between government attempts to forfeit property or raise revenue and those cases where the
State attempts to suspend a driver's license. Id. at 642. The holder of a driver's license possesses a
privilege rather than an interest in property and its suspension serves the remedial purpose of protecting
public safety. Id. at 643; and see United States v. Ursery, ___ U.S. ___, 135 L.Ed.2d 549, 571 (1996)
(civil forfeitures neither punishment nor criminal for purpose of double jeopardy analysis). We are
unpersuaded by appellant's argument that Arnold was incorrectly decided.

 For the reasons stated in Arnold, the administrative suspension of appellant's driver's
license did not bar his prosecution for driving while intoxicated under the Double Jeopardy Clause. We
overrule the point of error and affirm the judgment of conviction.



Before Justices Powers, Aboussie and Jones

Affirmed

Filed: November 6, 1996

Do Not Publish 



00" LINK="#0000ff" VLINK="#551a8b" ALINK="#ff0000" BGCOLOR="#c0c0c0">

TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-96-00365-CR








Robert Errett Cummings, Appellant




v.




The State of Texas, Appellee








FROM THE COUNTY COURT AT LAW NO. 3 OF TRAVIS COUNTY


NO. 431997, HONORABLE DAVID CRAIN, JUDGE PRESIDING







PER CURIAM


 The county court at law found appellant guilty of driving while intoxicated. See Tex. Penal
Code Ann. § 49.04 (West 1994 & Supp. 1996). The court assessed punishment at incarceration for 120
days and a $2000 fine, suspended imposition of sentence, and placed appellant on community supervision. 


 In a single point of error, appellant contends the court erred by overruling his special plea
of former jeopardy. Tex. Code Crim. Proc. Ann. art. 27.05 (West 1989). He argues that prosecution of
this offense was barred by a previous administrative driver's license suspension.

 Following his arrest for this offense, appellant took and failed a test for alcohol
concentration. As a consequence, appellant's driver's license was suspended for sixty days. Act of May
29, 1993, 73d Leg., R.S., ch. 886, § 1, 1993 Tex. Gen. Laws 3515, 3516 (Tex. Rev. Civ. Stat. Ann. art.
6687b-1, since amended and codified at Tex. Transp. Code Ann. ch. 524). Invoking recent opinions by
the United States Supreme Court, appellant contends that the suspension of his driver's license constituted
punishment for driving while intoxicated and barred further prosecution under the Double Jeopardy Clause. 
See Montana Dep't of Revenue v. Kurth Ranch, 511 U.S. ___, 128 L.Ed.2d 767 (1994); Austin v.
United States, 509 U.S. ___, 125 L.Ed.2d 488 (1993); United States v. Halper, 490 U.S. 435, 440
(1989); U. S. Const. amend. V.

 We recently reviewed the cited Supreme Court opinions and concluded that the
administrative suspension of a driver's license did not constitute punishment within the meaning of the
Double Jeopardy Clause and therefore did not bar prosecution for the same driving while intoxicated
offense. Ex parte Arnold, 916 S.W.2d 640 (Tex. App.--Austin 1996, pet. filed). We found a clear
distinction between government attempts to forfeit property or raise revenue and those cases where the
State attempts to suspend a driver's license. Id. at 642. The holder of a driver's license possesses a
privilege rather than an interest in property and its suspension serves the remedial purpose of protecting
public safety. Id. at 643; and see United States v. Ursery, ___ U.S. ___, 135 L.Ed.2d 549, 571 (1996)
(civil forfeitures neither punishment nor criminal for purpose of double jeopardy analysis). We are
unpersuaded by appellant's argument that Arnold was incorrectly decided.

 For the reasons stated in Arnold, the administrative suspension of appellant's driver's
license did not bar his prosecution for driving while intoxicated under the Double Jeopardy Clause. We
overrule the point of error and affirm the judgment of conviction.



Before Justices Powers, Aboussie and Jones

Affirmed

Filed: November 6