TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

NO. 03-96-00523-CR

Ex Parte: Ronald E. Spradlin, Appellant

FROM THE COUNTY COURT AT LAW NO. 3 OF TRAVIS COUNTY

NO. 461032, HONORABLE DAVID CRAIN, JUDGE PRESIDING

PER CURIAM

 Ronald E. Spradlin appeals from the county court at law's denial of habeas corpus relief. 
Tex. R. App. P. 44. In a single point of error, appellant contends the court erred by holding that an
administrative driver's license suspension did not serve as a double jeopardy bar to his prosecution for
driving while intoxicated.

 The pending information accuses appellant of driving while intoxicated on February 10,
1996. Following his arrest on that date, appellant took and failed a test for alcohol concentration. As a
consequence, appellant's driver's license was suspended for sixty days. Tex. Transp. Code Ann. §§
524.011, .012 (West 1996). Invoking recent opinions by the United States Supreme Court, appellant
contends that the suspension of his driver's license constituted punishment for driving while intoxicated and
bars further prosecution under the Double Jeopardy Clause. See Montana Dep't of Revenue v. Kurth
Ranch, 511 U.S. ___, 128 L. Ed. 2d 767 (1994); Austin v. United States, 509 U.S. ___, 125 L. Ed.
2d 488 (1993); United States v. Halper, 490 U.S. 435, 440 (1989); U. S. Const. amend. V.

 We recently reviewed the cited Supreme Court opinions and concluded that the
administrative suspension of a driver's license did not constitute punishment within the meaning of the
Double Jeopardy Clause and therefore did not bar prosecution for the same driving while intoxicated
offense. Ex parte Arnold, 916 S.W.2d 640 (Tex. App.--Austin 1996, pet. filed). We found a clear
distinction between government attempts to forfeit property or raise revenue and those cases where the
State attempts to suspend a driver's license. Id. at 642. The holder of a driver's license possesses a
privilege rather than an interest in property and its suspension serves the remedial purpose of protecting
public safety. Id. at 643; and see United States v. Ursery, ___ U.S. ___, 135 L. Ed. 2d 549, 571
(1996) (civil forfeitures neither punishment nor criminal for purpose of double jeopardy analysis). 

 For the reasons stated in Arnold, the administrative suspension of appellant's driver's
license does not bar his prosecution for driving while intoxicated under the Double Jeopardy Clause. We
overrule the point of error and affirm the order denying habeas corpus relief. No motion for rehearing will
be entertained. Appellant's second motion for stay of trial is overruled.

Before Chief Justice Carroll, Justices Kidd and B. A. Smith

Affirmed

Filed: November 13, 1996

Do Not Publish