TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-96-00373-CR







Ex Parte: Jeffrey Trial, Appellant








FROM THE COUNTY COURT AT LAW OF COMAL COUNTY


NO. 95CR-1180, HONORABLE FRED A. CLARK, JUDGE PRESIDING







PER CURIAM


 Jeffrey Trial appeals from the county court at law's denial of habeas corpus relief. Tex. R.
App. P. 44. In a single point of error, appellant contends the court erred by holding that an administrative
driver's license suspension does not serve as a double jeopardy bar to his prosecution for driving while
intoxicated.

 The pending information accuses appellant of driving while intoxicated on July 10, 1995. 
In his brief, appellant states that following his arrest on that date, he refused to submit to a breath test for
alcohol concentration and, as a consequence, his driver's license was suspended for ninety days. Act of
May 29, 1993, 73d Leg., R.S., ch. 886, § 9, 1993 Tex. Gen. Laws 3515, 3523 (Tex. Rev. Civ. Stat. Ann.
art. 6701l-5, since amended and codified at Tex. Transp. Code Ann. ch. 724). Invoking recent opinions
by the United States Supreme Court, appellant contends that the suspension of his driver's license
constituted punishment for driving while intoxicated and bars further prosecution under the Double
Jeopardy Clause. See Montana Dep't of Revenue v. Kurth Ranch, 511 U.S. ___, 128 L. Ed. 2d 767
(1994); Austin v. United States, 509 U.S. ___, 125 L. Ed. 2d 488 (1993); United States v. Halper,
490 U.S. 435, 440 (1989); U.S. Const. amend. V.

 There is no evidence in the record to substantiate appellant's contention that his driver's
license was suspended administratively. Both the writ application and the evidence below reflect that while
an administrative driver's license suspension proceeding was initiated, it was dismissed on appellant's
motion when the State failed to present evidence at the administrative hearing. In the absence of evidentiary
support, appellant's point of error presents nothing for review. (1) 

 In addition to protecting against multiple punishments, the Double Jeopardy Clause bars
a second prosecution for the same offense after acquittal or conviction. Halper, 490 U.S. at 440. In his
writ application, appellant urged that the pending prosecution for driving while intoxicated constitutes an
impermissible second prosecution for the same offense. Appellant does not advance this contention in his
brief, so we do not reach it. (2)

 For the reasons stated, we overrule the point of error and affirm the order denying habeas
corpus relief. No motion for rehearing will be entertained.


Before Justices Powers, Aboussie and Jones

Affirmed

Filed: January 23, 1997 

Do Not Publish 

1.   We recently reviewed the cited Supreme Court opinions and concluded that the
administrative suspension of a driver's license did not constitute punishment within the meaning
of the Double Jeopardy Clause and therefore did not bar prosecution for the same driving while
intoxicated offense. Ex parte Arnold, 916 S.W.2d 640 (Tex. App.--Austin 1996, pet. filed). The
Court of Criminal Appeals recently reached the same conclusion. Ex parte Tharp, No. 168-96 (Tex.
Crim. App. Nov. 25, 1996).
2.   We note that a hearing before an administrative law judge is not a trial in a court of
competent jurisdiction, and does not amount to a prosecution. See Kepner v. United States, 195
U.S. 100, 128 (1904) (one is placed in jeopardy when one is put to trial in a court of competent jurisdiction
on an accusation).


Parte: Jeffrey Trial, Appellant








FROM THE COUNTY COURT AT LAW OF COMAL COUNTY


NO. 95CR-1180, HONORABLE FRED A. CLARK, JUDGE PRESIDING







PER CURIAM


 Jeffrey Trial appeals from the county court at law's denial of habeas corpus relief. Tex. R.
App. P. 44. In a single point of error, appellant contends the court erred by holding that an administrative
driver's license suspension does not serve as a double jeopardy bar to his prosecution for driving while
intoxicated.

 The pending information accuses appellant of driving while intoxicated on July 10, 1995. 
In his brief, appellant states that following his arrest on that date, he refused to submit to a breath test for
alcohol concentration and, as a consequence, his driver's license was suspended for ninety days. Act of
May 29, 1993, 73d Leg., R.S., ch. 886, § 9, 1993 Tex. Gen. Laws 3515, 3523 (Tex. Rev. Civ. Stat. Ann.
art. 6701l-5, since amended and codified at Tex. Transp. Code Ann. ch. 724). Invoking recent opinions
by the United States Supreme Court, appellant contends that the suspension of his driver's license
constituted punishment for driving while intoxicated and bars further prosecution under the Double
Jeopardy Clause. See Montana Dep't of Revenue v. Kurth Ranch, 511 U.S. ___, 128 L. Ed. 2d 767
(1994); Austin v. United States, 509 U.S. ___, 125 L. Ed. 2d 488 (1993); United States v. Halper,
490 U.S. 435, 440 (1989); U.S. Const. amend. V.

 There is no evidence in the record to substantiate appellant's contention that his driver's
license was suspended administratively. Both the writ application and the evidence below reflect that while
an administrative driver's license suspension proceeding was initiated, it was dismissed on appellant's
motion when the State failed to present evidence at the administrative hearing. In the absence of evidentiary
support, appellant's point of error presents nothing for review. (1) 

 In addition to protecting against multiple punishments, the Double Jeopardy Clause bars
a second prosecution for the same offense after acquittal or conviction. Halper, 490 U.S. at 440. In his
writ application, appellant urged that the pending prosecution for driving while intoxicated constitutes an
impermissible second prosecution for the same offense. Appellant does not advance this contention in his
brief, so we do not reach it. (2)

 For the reasons stated, we overrule the point of error and affirm the order denying habeas
corpus relief. No motion for rehearing will be entertained.


Before Justices Powers, Aboussie and Jones

Affirmed

Filed: January 23, 1997 

Do Not Publish 

1.   We recently reviewed the cited Supreme Court opinions and concluded that the
administrative suspension of a driver's license did not constitute punishment within the meaning
of the Double Jeopardy Clause and therefore did not bar prosecution for the same driving while
intoxicated offense. Ex parte Arn