TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

NO. 03-97-00111-CR

Ex Parte: John Greenwood, Appellant

FROM THE COUNTY COURT AT LAW NO. 1 OF HAYS COUNTY

NO. 45,529, HONORABLE HOWARD S. WARNER, II, JUDGE PRESIDING

PER CURIAM

 John Greenwood appeals from the county court at law's denial of habeas corpus relief. 
Tex. R. App. P. 44. In a single point of error, appellant contends the court erred by holding that an
administrative driver's license suspension does not serve as a double jeopardy bar to his prosecution for
driving while intoxicated.

 Following his arrest, appellant refused a request that he submit to a test for alcohol
concentration. As a consequence, appellant's driver's license was suspended for ninety days. Tex. Transp.
Code Ann. ch. 724 (West 1996). Appellant contends that the suspension of his driver's license constituted
punishment for driving while intoxicated and bars further prosecution under the Double Jeopardy Clause. 
U.S. Const. amend. V. This contention has been considered and rejected by both this Court and the Court
of Criminal Appeals in opinions discussing the same authorities on which appellant relies. Tharp v. State,
935 S.W.2d 157 (Tex. Crim. App. 1996); Ex parte Arnold, 916 S.W.2d 640 (Tex. App.--Austin 1996,
pet. ref'd). For the reasons stated in Tharp and Arnold, the administrative suspension of appellant's
driver's license does not bar his prosecution for driving while intoxicated under the Double Jeopardy
Clause.

 We overrule the point of error and affirm the order denying habeas corpus relief.

Before Justices Powers, Jones and Kidd

Affirmed

Filed: May 1, 1997

Do Not Publish