Calvin Lee JOHNSON, Appellant,

v.

The STATE of Texas, Appellee.

No. 09–86–075–CR.

Court of Appeals of Texas,
Beaumont.

Feb. 22, 1989.

Donald M. Brown, Conroe, for appellant.

Calvin Lee Johnson, pro se.

William H. Behler, Jr., Conroe, Thomas D. Glenn, Houston, Peter Speers, III, Silsbee, for appellee.

OPINION

BURGESS, Justice.

Appellant was charged by indictment with five offenses of aggravated robbery with an allegation of three prior felony convictions in the enhancement paragraph. A jury found appellant guilty of all five offenses, and the court assessed punishment at ninety-nine years on each offense and included a finding that appellant used a deadly weapon. Appellant urges eight points of error. We find points of error one and two dispositive and reverse.

Appellant filed a motion in limine seeking to prohibit the state from mentioning appellant's prior criminal record in the presence of the jury or jury panel. This motion was granted with the proviso by the court that "[t]he state may discuss during voir dire the law as it relates to punishment concerning enhancement counts." Appellant did not file a written election to have the jury assess punishment prior to voir dire as required by *TEX.CODE CRIM.PROC. ANN. art. 37.07, sec. 2(b)* (Vernon Supp. 1989). Thus, by operation of law, the court was to assess punishment.

The state began to voir dire the venire panel on the range of punishment applicable to aggravated robbery with prior convictions. Appellant objected that the interjection of prior convictions was inflammatory and prejudicial. The objection was overruled and appellant was given a "running objection." It is clear that the state cannot read the enhancement portion of the indictment at the guilt or innocence stage. *TEX.CODE CRIM.PROC.ANN. art. 36.-01(a)(1)* (Vernon Supp.1989); *Heredia v. State,* 508 S.W.2d 629 (Tex.Crim.App.1974). Neither can the state give the specifics of the prior offenses as this is tantamount to reading the allegations. *Frausto v. State,* 642 S.W.2d 506, 509 (Tex.Crim.App.1982). The state may, however, question the prospective jurors abstractly as to the range of punishment if the jury is to assess pun-

ishment and the punishment is not absolutely fixed by law. *Martinez v. State,* 588 S.W.2d 954 (Tex.Crim.App.1979); *Bevill v. State,* 573 S.W.2d 781 (Tex.Crim.App.1978).

■ In this instance, the jury was not to assess the punishment. There was no reason to voir dire the panel on punishment alternatives under the enhancement allegations, and allowing such voir dire was erroneous. Several members of the venire stated they inferred from the prosecutor's statements and questions that appellant had prior convictions. Appellant's objection was overruled; thus, there was no instruction to the panel to disregard the questions and statements about prior convictions. We are unable to say that the erroneous inclusion of prior convictions during voir dire was harmless beyond a reasonable doubt. *TEX.R.APP.P. 81(b)(2).* The trial court should have sustained the objection and granted the mistrial. Points of error one and two are sustained. We need not reach the other points. *TEX.R. APP.P. 90(a).* The cause is reversed and remanded for a new trial.

REVERSED AND REMANDED.

BROOKSHIRE, Justice, dissenting.

This dissent is respectfully filed. The sufficiency of the evidence is not attacked in any manner as to either part of the bifurcated trial. In fact, the Appellant is not merely silent about the sufficiency. The Appellant affirmatively states, in his brief, that the sufficiency of the evidence is not assigned as a ground of error.

The Appellant acknowledges that he was charged by the indictment with five separate offenses of aggravated robbery with enhancement paragraphs showing three prior felony convictions. The jury returned a verdict of guilty on all five charged offenses of aggravated robbery. Appellant pleaded "true" to the enhancement counts. The trial judge assessed punishment at 99 years confinement in Texas Department of Corrections providing for each offense to run concurrently with each other offense. The concurrent sentences were to run consecutively after two 99–year sentences which had been previously assessed in other felony prosecutions.

In view of this horrendous record; nevertheless, the other opinion reverses the judgment. The rationale is that, since the Appellant did not file a written election prior to voir dire, then, by operation of law, the court must assess the punishment. This adjudication is based, the majority says, on *TEX.CODE CRIM.PROC.ANN. art. 37.07, sec. 2(b)* (Vernon Supp.1989). The other opinion simply overlooks the practicalities and customs of the proceedings in felony cases. *Article 37.07, sec. 2(b)* specifically provides that, if a finding of guilty is returned by the jury, then the defendant may, with the consent of the attorney for the State, change his election as to who shall assess the punishment. It is a commonplace happening that, during the course of a criminal prosecution, the defendant, or his attorney, or both, may change their minds about who they desire to be the punishment assessor. This can happen in many ways. One or more of the witnesses, for either side, may come across to the jury in his testimony as being much more favorable to the defendant and much more impressive upon the jury. Hence, the defendant may then desire to have the jury assess his punishment. Also, there may be some indication from the trial bench (altogether proper) that the trial jurist may view the evidence or an important witness in a light very unfavorable to the defendant which would likely result in a heavier assessment of punishment.

Nor is the provision, that the State's attorney is to give his consent, of really binding and irrevocable effect. This is so, because the State's attorney may and in many cases does change his opinion of the flavor to the evidence. His view of the evidence may be very different from the appraisal made by the defense counsel. In other words, the defense counsel may, very sincerely, feel that his client would be better off with the jury assessing punishment. Hence, he files a motion, although late, to that effect. At the same time the State's attorney in his proper role as advocate for the people of Texas may simultaneously feel that the State would be well served by

having the jury assess the punishment. An alert and seasoned attorney for the State must anticipate these events. Experience shows they are fairly common. Hence, the State's attorney should have the opportunity to properly qualify the jurors who will try the case and who may well assess the punishment.

Calvin Lee Johnson is revisited yet again. The Appellant is the same Calvin Lee Johnson who was before this court in a previous appeal. The previous appeal was from an indictment charging him *with the attempted capital murders of Barbara Brown and Riley Tomlin.* Barbara Brown and Riley Tomlin were two of the victims in the instant trial. *See Johnson v. State,* 737 S.W.2d 901 (Tex.App.—Beaumont 1987, pet. granted).

Hence, under several scenarios, the defendant may successfully change his election as to who assesses the punishment. *Article 37.07* does not mandate, as the Appellant insists, that the trial judge must necessarily assess the punishment.

Furthermore, the Appellant's objections, during the voir dire, concerning the general prior enhancements, were that these would be prejudicial and inflammatory and that the probative value of any answers elicited from the veniremen would be far outweighed by the prejudicial and inflammatory nature of the several questions. Hence, the objection was muddled, if not mutually destructive, in its parts.

But, in any event, it is clear that the objection was not to the effect that the district judge would be assessing the punishment rather than the jury. The well-established rule in Texas, that error, if any exists, is not properly preserved for appellate review if the error does not comport to the objections made below. The objections made at trial must support and substantiate the ground of error urged on appeal. *See Knox v. State,* 744 S.W.2d 53 (Tex.Crim.App.), *cert. den'd,* — U.S. ——, 108 S.Ct. 2834, 100 L.Ed.2d 934 (1987).

But the ultimate result in this case was that the district judge did assess the punishment. Hence, the Appellant has utterly failed to show harm. *See TEX.R.APP.P.*

81(b)(2). Furthermore, the statements and questions to the veniremen were abstract. Hence, these abstract statements were permissible since the method of punishment was not absolutely fixed. *Martinez v. State,* 588 S.W.2d 954 (Tex.Crim.App.1979); *Bevill v. State,* 573 S.W.2d 781 (Tex.Crim. App.1978).

A careful reading and analysis of this very lengthy record leads me to the inevitable conclusion that the matters complained of by this Appellant on this point were harmless beyond a reasonable doubt. *TEX.R.APP.P. 81(b)(2).* The judgment and sentence below should be affirmed. *See Johnson v. State, supra.* Since the majority refuses to affirm, I dissent respectfully.