**Sherri Ann BARCROFT, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 12–93–00205–CR.**

Court of Appeals of Texas,
Tyler.

July 27, 1994.

---

Sherri Ann Barcroft, pro se.

L.M. Braziel, Co. Atty., Emory, for appellee.

PER CURIAM.

Following a jury trial in county court, Appellant was convicted of the offense of exceeding the speed limit pursuant to Tex.Rev. Civ.Stat.Ann. art. 6701d, § 166(a) (Vernon Supp.1994), and as punishment, the trial court imposed a $200.00 fine and $111.00 in court costs. Tex.Rev.Civ.Stat.Ann., art. 6701d, § 143(b) (Vernon 1977). Appellant perfected an appeal to this Court but failed to file a statement of facts. Following a review of the record from the Tex.R.App.P. 53(m) hearing ordered by this Court, Appellant's case was submitted without a statement of facts, and Appellant thereafter filed her pro se brief. The State has not filed a responsive brief in this case.

Appellant has implored the court to excuse her technical errors and act *sua sponte* to protect her rights. In keeping with the spirit of Tex.R.App.P. 74(p), this Court has endeavored to construe the briefing rules liberally on Appellant's behalf. Although Appellant sets forth no points of error, her brief is divided into nine categories of arguments which we will refer to as points of error.

By her first point of error, Appellant alleges that the trial court erred in failing to apply the Tex.Bus. & Com.Code Ann. (herein-

after "UCC") specifically section 1.103 to the instant case. According to Appellant, common law provides that there can be no criminal act unless there is damage. She then argues that since the UCC requires that contract law be in harmony with common law, and the State is assuming jurisdiction under a treaty which is a form of contract, the State is bound by the UCC. Appellant then concludes that because there was no damage as a result of the alleged speeding violation, she has committed no crime under Texas law.

■ We find this point without merit. First, the UCC is not applicable to criminal proceedings; it applies to commercial transactions. *See* Tex.Bus. & Com.Code Ann. § 1.102 (Vernon 1968). Moreover, the regulation of speed limits is specifically authorized under the Uniform Act Regulating Traffic on Highways, Tex.Rev.Civ.Stat.Ann. art. 6701d (Vernon 1977). Section 22 of that act provides that "It is unlawful and unless otherwise declared in this Act with respect to particular offenses, it is a misdemeanor for any person to do any act forbidden or fail to perform any act required in this Act." Appellant's first point of error is overruled.

■ By her second point of error, Appellant alleges that she was not properly indicted and afforded a 12–person jury under the constitution. She states that because speeding is an infamous crime for which she might be incarcerated, she is entitled to indictment and a 12–person jury prior to conviction for the offense. Speeding is not an offense punishable by imprisonment. Tex.Rev.Civ.Stat. Ann. art. 6701d, § 143. Moreover, indictments are required only in felony cases. Tex.Code Crim.Proc.Ann. art. 1.05. Appellant's second point of error is overruled.

■ By her third point of error, Appellant alleges that she was denied a fair trial because the trial judge was not an attorney, had "obviously not studied the law to any great degree", and sided with the county attorney on each objection or motion. As stated above, no statement of facts was filed in the instant case; thus, there is no record to support Appellant's allegations. Point three is overruled.

By her fourth point of error, Appellant alleges she was denied the right of discovery on two issues vital to her defense. First she claims she was denied the right to depose the State's witness prior to trial. Additionally, she claims she was improperly denied the right to have the radar unit itself examined by a non-biased, outside expert in any other manner than to see the unit on the day of trial.

■ With regard to the deposition of the arresting officer, the transcript before us contains neither a written application for permission to depose the arresting officer nor an affidavit in support thereof as required by Tex.Code Crim.Proc.Ann. art. 39.02. With regard to examination of the radar equipment, while Tex.Code Crim.Proc.Ann. art. 39.14 provides that upon a showing of good cause, the court *may* order the State before or during trial to produce and permit the inspection of evidence. A criminal defendant does not have a general right to discovery but is required to show good cause, materiality and possession of the discoverable item by the State. *State v. Williams,* 846 S.W.2d 408 (Tex.App.—Houston [14th Dist.] 1992, pet. ref'd). From the record before us, Appellant has not demonstrated that she met her burden of proof. Moreover, article 39.14 also provides: "Nothing in this Act shall authorize the removal of such evidence from the possession of the State." Appellant's fourth point of error is overruled.

By her fifth point of error, Appellant alleges that once she challenged the trial court's jurisdiction, the trial court erred in failing to demonstrate that it indeed had proper jurisdiction over the case. Appellant's case was initially heard in justice court. Thereafter, Appellant perfected an appeal to the Rains County Court. During pendency of her appeal, Appellant filed a document entitled "Constructive Notice to the Court" in which she demanded that the court inform her as to "Nature and Cause (jurisdiction) which the Court claims" pursuant to the Sixth Amendment of the U.S. Constitution. She further stated that the case could not "proceed absent such jurisdiction." Appellant cites two civil cases in support of her position. We

find her authorities inapplicable to the instant case.

■ The Sixth Amendment provides in relevant part:

In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury of the State and district wherein the crime shall have been committed; which district shall have been previously ascertained by law, and to be informed of the nature and cause of the accusation;

We do not believe that this provision imposes on the trial court an obligation to prove it's jurisdiction. However, even if such an obligation were imposed, the trial court's failure to comply was harmless. County courts have appellate jurisdiction over criminal cases from justice courts under TEX.GOV'T CODE ANN. § 26.046 (Vernon 1988), and Appellant, by filing her appeal bond, invoked the Rains County Court's jurisdiction. Appellant's fifth point of error is overruled.

■ By her sixth point of error, Appellant alleges that the conviction should be overturned because it violates her right to travel. Appellant cites no authorities in support of this contention, and we find it wholly without merit. As stated above, the regulation of speed limits is specifically authorized under the UNIFORM ACT REGULATING TRAFFIC ON HIGHWAYS, TEX.REV.CIV.STAT.ANN. art. 6701d (Vernon 1977). Moreover, the right to travel is not impinged by the placement of reasonable restrictions upon the speed at which one may travel. In fact, the State's failure to set and enforce speed limits could jeopardize the right to travel as well as other important State interests like public safety and the orderly flow of commerce. Appellant's sixth point is overruled.

By her seventh point of error, Appellant alleges that she has been denied her rights to both appointed counsel and a free record on appeal. Appellant argues that she was forced to choose between her sixth amendment right to counsel and her fifth amendment right against self-incrimination. She states that because she refused to testify regarding her need for the appointment of counsel and free record on appeal, she was denied her right to counsel under TEX.CODE CRIM.PROC.ANN. art. 1.051(c). The relevant portions of art. 1.051 provide:

(b) For purposes of this article and Articles 26.04 and 26.05 of this code, "indigent" means a person who is not financially able to employ counsel.

(c) An indigent is entitled to have an attorney appointed to represent him in any adversary judicial proceeding that may result in punishment by confinement and in any other criminal proceeding if the court concludes that the interests of justice require representation. If an indigent defendant is entitled to and requests appointed counsel, the court shall appoint counsel to represent the defendant as soon as possible.

(d) An eligible indigent defendant is entitled to have the trial court appoint an attorney to represent him in the following appellate and postconviction habeas corpus matters:

(1) an appeal to a court of appeals

... (4) any other appellate proceeding if the court concludes that the interest of justice require representation.

Since a class C misdemeanor is only punishable by fine, even if indigent, Appellant would not be entitled to the appointment of counsel unless she demonstrated that the interest of justice required her representation.

Following her conviction, Appellant filed an unsworn statement entitled "Affidavit of Indigence" requesting that the court provide her with a free statement of facts, and she filed an unverified motion for appointment of counsel in which she alleged her indigence. Appellant failed to file the requisite motion and affidavit under TEX.R.APP.P. 53(j)(2) [1], and the trial court took no action concerning the statement of facts. Moreover, the trial court did not hold a hearing on Appellant's motion to appoint counsel. However, after

---

1. TEX.R.APP.P. 53(j)(2) provides that an appellant, by motion and affidavit, can move the trial court to have the statement of facts furnished without charge. Then, after a hearing on the motion, if the trial court finds that the appellant is indigent, the court shall order the court reporter to furnish the statement of facts.

Appellant had perfected her appeal to this Court and the statement of facts was not filed within the time prescribed, this Court ordered the trial court to hold a hearing·in accordance with TEX.R.APP.P. 53(m). The purpose of the hearing as provided by this Court's order was to determine whether Appellant had been deprived of a statement of facts because of ineffective assistance of counsel or for any other reason and to appoint counsel if necessary.

At the hearing, the trial court made reference to Appellant's unsworn affidavit at page 31 of the transcript of trial. The court then noted that the "affidavit" had not been made under oath as required by law, and the following exchange then transpired:

THE COURT: For the record, furthermore, the Code states that is supposed to be filed under oath, I do not see that that Affidavit of Indigency was filed under oath. I would request at this point that you take an oath and file that affidavit. If you would raise your right hand.

APPELLANT: I do not choose to testify.

THE COURT: You do not choose to testify under oath?

APPELLANT: I have stood on the Fifth throughout the case and I am not going to testify.

THE COURT: I'm sorry, you have what?

APPELLANT: I have remained moot throughout this case.

THE COURT: You have remained moot throughout this case?

APPELLANT: And I have not testified and I am not going to now.

THE COURT: And you do not intend to go under oath as required by laws of the State of Texas, and you do not intend to testify here today, is that correct?

APPELLANT: That's correct.

THE COURT: Let the record so reflect. In that case you refuse to testify and this hearing is hereby dismissed at 10:12 a.m.

Following the hearing, the trial court entered findings that Appellant had refused to swear to her request for indigent status under Art. 1.051, that she refused to swear to her application for appointment of counsel,

and that she refused to testify to establish her indigence. The court further concluded that "without the required testimony in this Class 'C' misdemeanor offense the Court denied appointment of counsel in 'interest of justice.'"

■■■ A trial court has no duty to appoint counsel until an accused demonstrates that he or she is indigent. *Switzer v. State,* 809 S.W.2d 781 (Tex.App.—Houston [14th Dist.] 1991, no pet.). Furthermore, counsel need not be appointed to represent an indigent defendant in a class C misdemeanor case unless "the court concludes that the interests of justice require such representation." OP.TEX.ATT'Y GEN. No. JM–977 (1988); Tex.Code Crim.Proc.Ann. ART. 1.051(C). WHERE AN APPELLANT ALLEGES THAT HE OR SHE IS INDIGENT AND SEEKS THE APPOINTMENT OF COUNSEL AND A FREE STATEMENT OF FACTS BASED UPON THAT INDIGENCY, THE APPELLANT HAS THE BURDEN OF ESTABLISHING HIS OR HER INDIGENT STATUS. *ID.;* Tex.R.App.P. 53(J)(2). FURTHERMORE, AT A HEARING TO DETERMINE WHETHER THE APPELLANT IS INDIGENT FOR PURPOSES OF THE APPOINTMENT OF COUNSEL AND THE REQUIREMENT OF A FREE STATEMENT OF FACTS, AN ACCUSED'S TESTIMONY REGARDING HIS OR HER INDIGENT STATUS DOES NOT CONSTITUTE A WAIVER OF HIS OR HER RIGHT AGAINST SELF-INCRIMINATION.

■■■ In the instant case, Appellant refused to introduce evidence of her indigence by her own testimony or other competent evidence. Consequently, she failed to establish her right to appointed counsel or a free statement of facts. TEX.CODE CRIM.PROC. ANN. art. 1.051; TEX.R.APP.P. 53(j)(2), and the trial court did not err in refusing to appoint counsel and order a statement of facts without charge to Appellant. Appellant's seventh point of error is overruled.

■■■ Under her eight and ninth points of error, Appellant alleges a variety of complaints: (1) that the trial court erred in failing to allow the jury to assess punishment; (2) that the trial court's punishment of $200 was excessive in that it was the maximum fine authorized by law, and (3) that the trial court ignored her "writ of allocution". With regard to Appellant's allegation that the

judge rather than the jury assessed punishment, we first note that there is no constitutional right to have the jury assess punishment. *See Tinney v. State,* 578 S.W.2d 137, 138–39 (Tex.Cr.App.1979). In cases where the accused desires to have a jury assess punishment, he or she must file a written election to that effect. *See Johnson v. State,* 766 S.W.2d 559 (Tex.App.—Beaumont 1989, pet. ref'd); TEX.CODE CRIM.PROC.ANN. art. 37.07 § 2(b). In the instant case, Appellant has not directed us to her written election on punishment, and we have found none in the transcript. Thus, this complaint is without merit.

Appellant's argument that the trial court assessed a $200 fine to punish Appellant for not pleading guilty, is likewise without merit. Under TEX.REV.CIV.STAT.ANN. art. 6701d, § 143(b), the trial court is authorized to assess a fine of up to $200. The fine the trial court assessed was within the range of punishment authorized by statute, and there is no evidence of retaliation or retribution in the record before us. Thus, Appellant's argument is not supported by the record.

Lastly, Appellant complains that the trial court ignored her writ of allocution. The transcript before us contains no such writ, and we have no record of any proceedings on a request for such a writ. Moreover, Appellant has presented us with no argument or authorities in support of her complaint. Thus, nothing has been presented for review. Appellant's final point of error is overruled.

The judgment of the trial court is affirmed.