TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-96-00665-CR


NO. 03-96-00666-CR







Paul J. Stautzenberger, Appellant



v.



The State of Texas, Appellee






FROM THE COUNTY COURT AT LAW OF COMAL COUNTY


NOS. 95CR-822A & 95CR-823A, HONORABLE FRED CLARK, JUDGE PRESIDING






PER CURIAM

On appeals de novo, a jury found appellant guilty of speeding and operating an unregistered
motor vehicle. See Tex. Transp. Code Ann. §§ 502.002, 545.351 (West 1997). The county court at law
assessed punishment at fines of $95 and $175. With respect to the conviction for speeding, this Court's
jurisdiction is limited to the constitutionality of the statute. Tex. Code Crim. Proc. Ann. art. 4.03 (West
Supp. 1997).

Appellant, who represents himself on appeal as he did at trial, has filed a single brief
applicable to both causes. In his first point of error, he contends the county court at law failed to prove its
jurisdiction after being challenged by appellant's "demand to vacate proceeding for want of jurisdiction." 
By this "demand," appellant asserted that he is "a natural born free American Citizen living on the land" and
"is not a participant in the Texas Forum, nor accepting, assenting or utilizing benefits or privileges of the
United States or the State of Texas or political subdivision." A person cannot unilaterally immunize himself
from the laws of this State. Scotka v. State, 856 S.W.2d 790, 792 (Tex. App.--San Antonio 1993, no
pet.). The county court at law was under no obligation to prove its jurisdiction. Barcroft v. State, 881
S.W.2d 838, 841 (Tex. App.--Tyler 1994, no pet.). Appellant's challenge to the county court at law's
jurisdiction was properly overruled. See Tex. Gov't Code Ann. § 26.046 (West 1988). Point of error
one is overruled.

Appellant's next contention is that sections 502.002 and 545.351 violate his "inherent,
God-given, unalienable, and constitutional right to travel in his automobile upon public roads." Driving is
not a constitutionally protected right, but a privilege. Ex parte Arnold, 916 S.W.2d 640, 642 (Tex.
App.--Austin 1996, pet. ref'd). Motor vehicle registration fees are a constitutional levy on the privilege
of operating a motor vehicle on the public highways. Atkins v. State Highway Dep't, 201 S.W. 226, 228
(Tex. Civ. App.--Austin 1918, no writ). Statutes regulating the speed at which motor vehicles may be
operated on public highways are a constitutional exercise of the State's police power in the interest of
public safety and the orderly flow of commerce. Barcroft, 881 S.W.2d at 841. Points of error two and
four are overruled.

Point of error five, to the extent it does not repeat contentions raised in points of error one,
two, and four, argues that the speeding statute applies only to commercial vehicles. Appellant asserts that
his automobile is not a commercial vehicle, and therefore he was unconstitutionally prosecuted for
exceeding the speed limit while driving that automobile. The record is silent as to the nature of appellant's
vehicle. Moreover, appellant cites no persuasive authority for his contention that the speeding statute does
not apply to noncommercial vehicles, and we find none in the text of the statute. To the extent it presents
a constitutional challenge to the speeding statute, point of error five is overruled.

Finally, in point of error three, appellant contends the State may not constitutionally require
him to obtain a driver's license. Appellant was not convicted of driving without an operator's license. To
the extent appellant's arguments under this point have relevance to this appeal, they were raised,
considered, and overruled in the other points of error. Point of error three is overruled.

The judgments of conviction are affirmed.


Before Justices Powers, Jones and Kidd

Affirmed

Filed: July 24, 1997

Do Not Publish



ENTER>TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-96-00665-CR


NO. 03-96-00666-CR







Paul J. Stautzenberger, Appellant



v.



The State of Texas, Appellee






FROM THE COUNTY COURT AT LAW OF COMAL COUNTY


NOS. 95CR-822A & 95CR-823A, HONORABLE FRED CLARK, JUDGE PRESIDING






PER CURIAM

On appeals de novo, a jury found appellant guilty of speeding and operating an unregistered
motor vehicle. See Tex. Transp. Code Ann. §§ 502.002, 545.351 (West 1997). The county court at law
assessed punishment at fines of $95 and $175. With respect to the conviction for speeding, this Court's
jurisdiction is limited to the constitutionality of the statute. Tex. Code Crim. Proc. Ann. art. 4.03 (West
Supp. 1997).

Appellant, who represents himself on appeal as he did at trial, has filed a single brief
applicable to both causes. In his first point of error, he contends the county court at law failed to prove its
jurisdiction after being challenged by appellant's "demand to vacate proceeding for want of jurisdiction." 
By this "demand," appellant asserted that he is "a natural born free American Citizen living on the land" and
"is not a participant in the Texas Forum, nor accepting, assenting or utilizing benefits or privileges of the
United States or the State of Texas or political subdivision." A person cannot unilaterally immunize himself
from the laws of this State. Scotka v. State, 856 S.W.2d 790, 792 (Tex. App.--San Antonio 1993, no
pet.). The county court at law was under no obligation to prove its jurisdiction. Barcroft v. State, 881
S.W.2d 838, 841 (Tex. App.--Tyler 1994, no pet.). Appellant's challenge to the county court at law's
jurisdiction was properly overruled. See Tex. Gov't Code Ann. § 26.046 (West 1988). Point of error
one is overruled.

Appellant's next contention is that sections 502.002 and 545.351 violate his "inherent,
God-given, unalienable, and constitutional right to travel in his automobile upon public roads." Driving is
not a constitutionally protected right, but a privilege. Ex parte Arnold, 916 S.W.2d 640, 642 (Tex.
App.--Austin 1996, pet. ref'd). Motor vehicle registration fees are a constitutional levy on the privilege
of operating a motor vehicle on the public highways. Atkins v. State Highway Dep't, 201 S.W. 226, 228
(Tex. Civ. App.--Austin 1918, no writ). Statutes regulating the speed at which motor vehicles may be
operated on public highways are a constitutional exercise of the State's police power in the interest of
public safety and the orderly flow of commerce. Barcroft, 881 S.W.2d at 841. Points of error two and
four are overruled.

Point of error five, to the extent it does not repeat contentions raised in points of error one,
two, and four, argues that the speeding statute applies only to commercial vehicles. Appellant asserts that
his automobile is not a commercial vehicle, and therefore he was unconstitutionally prosecuted for
exceeding the speed limit while driving that automobile. The record is silent as to the nature of appellant's
vehicle. Moreover, appellant cites no persuasive authority for his contention that the speeding statute does
not apply to noncommercial vehicles, and we find none in the text of the statute. To the extent it presents
a constitutional challenge to the speeding statute, point of error five is overruled.

Finally, in point of error three, appellant contends the State may not constitutionally require
him to obtain a driver's license. Appellant was not convicted of driving without an operator's license. To
the extent appellant's arguments under this point have relevance to this appeal, they were raised,
considered, and overruled in the other points of error. Point of error three is overruled.