

OFFICE OF THE ATTORNEY GENERAL · STATE OF TEXAS
JOHN CORNYN

December 15, 2000

The Honorable Senfronia Thompson
Chair, Committee on Judicial Affairs
Texas House of Representatives
P.O. Box 2910
Austin, Texas 78768-2910

Opinion No. JC-0317

Re: Whether the addition of certain protest words to a traffic citation constitutes a valid promise to appear in court (RQ-0270-JC)

Dear Representative Thompson:

In 1999, this office opined on certain general principles of contract law with respect to the potential effect of certain protest words written under a signature on an Internal Revenue Service form. *See* Tex. Att'y Gen. Op. No. JC-0153 (1999). The constituent for whom you inquired on that occasion now wishes to know the effect of the same or similar formulae of protest on a traffic ticket.[1] Your constituent has, in our view, misunderstood the distinction between contract law, which governs the relations of particular parties who have come to an agreement, and public law, which governs all persons within that law's jurisdiction.

While it matters for the purpose of contract law whether or not two parties have agreed to be bound to certain conditions in a bargain, it is of no consequence whether any individual agrees to be bound by the traffic regulations or penal laws of the State of Texas. So long as such a person is in Texas, he or she is bound by those laws. *See United States v. Masat*, 948 F.2d 923, 934 (5th Cir. 1991) (rejecting argument that court lacks jurisdiction over one who declares himself "non-citizen," "non-resident" and "freeman"). Your constituent's legal obligation to appear in court does not require his agreement. His choices in the matter are simple. When he is stopped, the police officer has the discretion to issue him a ticket or take him into custody. If the police officer issues the ticket, your constituent can sign it or be arrested. On the indicated court date he can appear in court, or he can subject himself to arrest. He cannot, merely by writing "forced to sign under threat, duress and coercion"[2] on his traffic ticket, avoid the consequences of the traffic laws.

---

[1]*See* Letter from Honorable Senfronia Thompson, Chair, Committee on Judicial Affairs, Texas House of Representatives, to Honorable John Cornyn, Texas Attorney General (Aug. 17, 2000) (on file with Opinion Committee).

[2]Letter from Charles Louis Bailey III, to Honorable Senfronia Thompson, Chair, Committee on Judicial Affairs, Texas House of Representatives (June 6, 2000) (on file with Opinion Committee) [hereinafter Charles Louis Bailey III
(continued...)

The statutes in question here are to be found in subchapter A, chapter 543 of the Transportation Code. Pursuant to section 543.001, a peace officer may arrest without warrant a person found committing any of a variety of traffic violations.[3] *See* TEX. TRANSP. CODE ANN. § 543.001 (Vernon 1999). The police officer then either takes the arrestee "immediately . . . before a magistrate," *id.* § 543.002, or issues "a written notice to appear in court," *id.* § 543.003 (Vernon Supp. 2000). Such a notice is to be issued if "the offense charged is speeding or a violation of the open container law; . . . and the person makes a written promise to appear in court as provided by Section 543.005." *Id.* § 543.004. "To secure release, the person arrested must make a written promise to appear in court by signing the written notice prepared by the arresting officer. . . . The arresting officer shall retain the paper or electronic original of the notice and deliver the copy of the notice to the person arrested. The officer shall then promptly release the person from custody." *Id.* § 543.005. The appearance date on the notice must be at least ten days later "unless the person arrested demands an earlier hearing." *Id.* § 543.006 (Vernon 1999). A wilful violation of the written promise to appear is a misdemeanor. *See id.* § 543.009.

The import of this statutory scheme is clear. When a policeman stops a driver for a moving violation, he writes a ticket. The driver signs the ticket, thereby promising to appear in court. If the driver does not sign the ticket, he is not released. If the driver signs the ticket and does not appear in court, he is subject to arrest.

Your constituent, however, appears to believe that he may escape the consequences of chapter 543 of the Transportation Code. He has asked you:

> By placing these words after one's signature, "forced to sign under threat, duress and coercion," when no "meeting of the minds has occurred," and the ticketed party . . . has no intentions of making a court appearance, is the signatory relieved of his promise to appear in court if no adhesion contract exists?[4]

Your constituent has noted the conclusion of Attorney General Opinion JC-0153 that such a form of words, when appended to a contract, "may indicate that the person signing has not agreed to the terms of the document, and consequently that there has been no 'meeting of the minds' that is necessary to form a binding agreement." Tex. Att'y Gen. Op. No. JC-0153 (1999) at 4. He then

---

[2](...continued)
Letter].

[3]The question of whether an arrest for a misdemeanor punishable only by a fine violates the Fourth Amendment of the Constitution is at present before the United States Supreme Court in *Atwater v. City of Lago Vista*, 195 F.3d 242 (5th Cir. 1999), *cert. granted,* 120 S.Ct. 2715 (2000) (No. 99-1408).

[4]Charles Louis Bailey III Letter, *supra* note 2, at 1.

makes the assumption that a traffic ticket is a contract. His implicit argument is that the contract is void, because it is adhesive and he has not truly agreed to it.

We note, as a preliminary matter, that even were we to accept the notion that a traffic stop is a bargaining session in which the writing of a ticket is an offer and the signing of the ticket an acceptance, the principles of contract law would not provide your constituent with the relief he seeks. It is hornbook law that "[a] person will not be permitted to accept the beneficial part of a transaction and repudiate the disadvantageous part. In other words, one who retains benefits under a transaction cannot avoid its obligations, and is estopped to take a position inconsistent therewith. Similarly, one cannot accept and reject the same instrument, or, having availed himself of the benefits conveyed by a part of an instrument, reject its other provisions." 34 TEX. JUR. 3D *Estoppel* § 13 (1984). Transparently, a motorist who signs a ticket and drives away rather than spending the night in police custody has availed himself of what a reasonable person would regard as a very substantial benefit. He cannot then be heard to say that he has no intention to appear in court.

The traffic laws of this state are, however, no more a matter of contract than are its penal laws. They govern all those within the jurisdiction of Texas; they cannot be evaded at whim by a verbal formula. Your correspondent's apparent notion that his relation to our laws is purely contractual, and as such may be unilaterally abrogated by him, has no basis in law. *See Coyle v. State*, 775 S.W.2d 843, 847 (Tex. App.–Dallas 1989, no writ) (rejecting argument that defendant "has cancelled all contracts that would require her, in her view, to recognize any authority other than God."); *cf. Barcroft v. State*, 881 S.W.2d 838, 840 (Tex. App.–Tyler 1994, no pet.) (Uniform Commercial Code inapplicable in criminal trial for exceeding speed limit).

Having signed a traffic ticket, one is obliged to appear in court. Wilful failure to so appear is a misdemeanor. *See* TEX. TRANSP. CODE ANN. § 543.009 (Vernon 1999). The law does not contemplate that any mental reservations with which one signs, or any form of words one appends to that signature, will have the remotest effect on one's obligation to appear.

## S U M M A R Y

The addition of protest words to a signature on a traffic ticket has no effect whatsoever on the obligation of the ticketed party to appear in court.

Your very truly,

JOHN CORNYN
Attorney General of Texas

ANDY TAYLOR
First Assistant Attorney General

CLARK KENT ERVIN
Deputy Attorney General - General Counsel

SUSAN D. GUSKY
Chair, Opinion Committee

James E. Tourtelott
Assistant Attorney General - Opinion Committee