In The


Court of Appeals


Sixth Appellate District of Texas at Texarkana



______________________________



No. 06-06-00069-CR


______________________________




NOLEN EDWIN KIRKPATRICK, Appellant



V.



THE STATE OF TEXAS, Appellee




 


On Appeal from the 402nd Judicial District Court


Wood County, Texas


Trial Court No. 18912-2005




 




Before Morriss, C.J., Carter and Moseley, JJ.


Memorandum Opinion by Justice Carter



MEMORANDUM OPINION



 Nolen Edwin Kirkpatrick has appealed from his jury conviction of aggravated assault with
a deadly weapon (habitual). See Tex. Penal Code Ann. §§ 12.42, 22.02 (Vernon Supp. 2006). The
jury assessed a punishment of twenty-five years' imprisonment, to run concurrently with sentences
in three companion cases tried at the same time and on which appeals have also been filed. 
Kirkpatrick was represented by Douglas Parks at trial. Kirkpatrick's first counsel on appeal was Jim
Wheeler; Larry P. King was then appointed as counsel on appeal. 

 Appellate counsel filed a brief November 6, 2006, under the mandate of Anders v. California,
386 U.S. 738 (1967), and Ex parte Senna, 606 S.W.2d 329, 330 (Tex. Crim. App. 1980), and has
accordingly also filed a motion to withdraw. Counsel sent Kirkpatrick a copy of the brief and
advised Kirkpatrick by letter he believes there are no arguable contentions of error. He also
informed Kirkpatrick of his right to review the record and file a pro se response. Kirkpatrick
requested an extension of time to file his response, but that time has now passed and no response has
been filed. Kirkpatrick has not requested additional time in which to file the response.

 Counsel has filed a brief, which discusses the record and reviews the proceedings. Counsel
has thus provided a professional evaluation of the record demonstrating why, in effect, there are no
arguable grounds to be advanced, as required by High v. State, 573 S.W.2d 807, 812 (Tex. Crim.
App. [Panel Op.] 1978). See also Stafford v. State, 813 S.W.2d 503, 510 n.3 (Tex. Crim. App.
1991). Counsel concluded from his review of the record there is no arguable point of error to
support the appeal. 

 We have, likewise, reviewed the record and agree with counsel that there are no arguable
points of error in this case. (1)

 We affirm the judgment of the trial court.


 Jack Carter

 Justice


Date Submitted: February 26, 2007

Date Decided: February 28, 2007


Do Not Publish

1. Since we agree this case presents no reversible error, we also, in accordance with Anders,
grant counsel's request to withdraw from further representation of Kirkpatrick in this case. No
substitute counsel will be appointed. Should Kirkpatrick wish to seek further review of this case by
the Texas Court of Criminal Appeals, Kirkpatrick must either retain an attorney to file a petition for
discretionary review or Kirkpatrick must file a pro se petition for discretionary review. Any petition
for discretionary review must be filed within thirty days from the date of either this opinion or the
last timely motion for rehearing that was overruled by this Court. See Tex. R. App. P. 68.2. Any
petition for discretionary review must be filed with this Court, after which it will be forwarded to
the Texas Court of Criminal Appeals along with the rest of the filings in this case. See Tex. R. App.
P. 68.3. Any petition for discretionary review should comply with the requirements of Rule 68.4 of
the Texas Rules of Appellate Procedure.


ial court erred by refusing to grant
a  mistrial  after  the  State,  during  voir  dire,  informed  the  jury  panel  about  a  prior  conviction,
and (2) the evidence is legally and factually insufficient to support the jury's verdict. We affirm.
Prior Conviction
            Lafayette's first complaint is based on a reference by the State, during voir dire, to his prior
misdemeanor conviction for family violence assault. During voir dire, the following exchange
occurred:
[Prosecutor]: . . . Now, I told you that this is an assault with bodily
injury/family violence case. And the fact that he has a prior makes it a felony charge. 
Before the case is –
 
[Defense Counsel]:Your Honor, may we approach?
Court:Yes.
(Bench conference, outside the hearing of the jury panel)
[Defense Counsel]:Your Honor, we're kind of getting off into shaky
ground on this prior business.
 
[Prosecutor]:The misdemeanor is an element of the offense.
[Defense Counsel]:Yeah, but the mention of the prior, that may have
tainted them right there without even reading the enhancement paragraph, and I guess
–
 
[Prosecutor]:It's still in the indictment. It's not in the enhancement
paragraph.
 
[Defense Counsel]:If you were to limit it to what was in the indictment,
but I'm saying the blanket statement of there is a prior –
 
[Prosecutor]:I did.
[Defense Counsel]:– that enhances this to a felony, I think we've tainted
the jury and we need to start over. Move for a mistrial.
 
. . . .
Court:I'm going to note your objection, overrule it, and we will proceed from
there.

            Though it was proper for the State to read the indictment, including Lafayette's prior family
violence conviction which provided felony jurisdiction for the current charge, the State's comment
during voir dire that Lafayette "has a prior" and that therefore the charge was a felony, was improper. 
See Johnson v. State, 766 S.W.2d 559, 560 (Tex. App.—Beaumont 1989, pet. ref'd); McGee v. State,
689 S.W.2d 915, 918 (Tex. App.—Corpus Christi 1985, pet. ref'd).
            Three steps are necessary to preserve error regarding evidence admitted or placed before the
jury: a specific and timely objection, a request for an instruction to disregard, and a motion for
mistrial. See Fuller v. State, 827 S.W.2d 919, 926 (Tex. Crim. App. 1992). To preserve error,
counsel must obtain an adverse ruling, either on the objection, the request that the jury be instructed
to disregard, or the motion for mistrial. Id. Courts hold the sequence of those steps is not so critical
as is the fact that the movant persists in seeking all available relief from the trial court, until the trial
court effectively denies relief to which the movant is entitled. Id.
            Rather than specifically and clearly objecting and asking for a curative instruction, Lafayette
moved for a mistrial. This essentially forced the trial court to choose between letting the remark
stand or declaring a mistrial. See Penry v. State, 691 S.W.2d 636, 649–50 (Tex. Crim. App. 1985);
Bryant v. State, 25 S.W.3d 924, 926 (Tex. App.—Austin 2000, pet. ref'd). When counsel's overruled
motion for mistrial is followed by a request for an instruction to disregard, that is sufficient to
preserve the error of not granting a mistrial. See Coe v. State, 683 S.W.2d 431, 436 (Tex. Crim.
App. 1984).
            When the potential harm can be cured by an instruction to disregard, the complainant must
ask the trial court for such an instruction, regardless that the trial court has already made an adverse
ruling on his or her objection or motion for mistrial; and failure to ask for an instruction is failure
to preserve error. Gilchrest v. State, 904 S.W.2d 935, 938 (Tex. App.—Amarillo 1995, no pet.); see
State Bar of Tex. v. Evans, 774 S.W.2d 656, 658–59 n.6 (Tex. 1989) (failure to request instruction
to disregard curable error waived complaint).
            In this case, counsel asked for a mistrial. He did not ask for an instruction. Thus, he has not
preserved this point of error. Even if error had been preserved, however, the error was harmless,
should not have resulted in a mistrial, and would not require a reversal here.
            Mistrial is an extreme remedy which is appropriate only when the objectionable event is so
inflammatory that a curative instruction is not likely to prevent the jury from being unfairly
prejudiced against the defendant. See Bauder v. State, 921 S.W.2d 696, 698 (Tex. Crim. App. 1996). 
As stated above, testimony referring to extraneous offenses can be rendered harmless by an
instruction to disregard, unless it is so clearly calculated to inflame the minds of the jury and is of
such a nature as to suggest the impossibility of withdrawing the impression produced. Kemp v. State,
846 S.W.2d 289, 308 (Tex. Crim. App. 1992); Gardner v. State, 730 S.W.2d 675, 696–97 (Tex.
Crim. App. 1987); Bryant, 25 S.W.3d at 926.
            We find the unembellished reference to appellant's "prior" was not inflammatory and could
have been completely effaced by an instruction from the trial court to disregard. Kemp v. State, 846
S.W.2d 289, 308 (Tex. Crim. App. 1992). The prior conviction was, minutes before, properly read
to the jury as part of the indictment. After the trial court overruled Lafayette's motion for mistrial,



the State told the jury, "But the indictment is no evidence of guilt." Then, later in voir dire, the State
further stated, "Now we've talked about the fact that the defendant has been indicted is no evidence
of guilt. Also what the lawyers say, what we say is no evidence." When making the questioned
comment, the State was clearly speaking of the jurisdictional prior conviction which was part of the
indictment and only briefly


 referred to the "prior." What little impact the prosecutor's statement
might have had, at the moment it was made, was eliminated by the context and subsequent
comments by the State.
            Because we conclude error was not preserved and there was no harm, we hold the trial court
did not abuse its discretion by refusing to grant a mistrial and there is no reversible error here. We
overrule this contention of error.
Evidentiary Sufficiency
            Lafayette next contends the evidence is legally and factually insufficient to support the
verdict. In reviewing the legal sufficiency of the evidence, we view the relevant evidence in the light
most favorable to the verdict and determine whether any rational trier of fact could have found the
essential elements of the crime beyond a reasonable doubt. Johnson v. State, 23 S.W.3d 1, 7 (Tex.
Crim. App. 2000). In reviewing for factual sufficiency, we view the evidence in a neutral light,
favoring neither party. Id. We set aside the verdict only if it is so contrary to the overwhelming
weight of the evidence as to be clearly wrong and unjust. Id.
            In this case, the victim, Lucy Lafayette, testified at trial that Lafayette injured her; the
investigating officers testified that, when they arrived at the scene, she told them Lafayette caused
her injuries; and there is evidence Lucy had a split lip and a bruised and swollen eye. This evidence
is legally sufficient to support the verdict. Lafayette suggests that Lucy's injuries were consistent
with being hit in the face with a door. When we are faced with conflicting evidence, we must
presume the jury resolved conflicts in favor of the prevailing party. Turro v. State, 867 S.W.2d 43,
47 (Tex. Crim. App. 1993). The evidence, that Lucy's injuries occurred in a way other than her
account depicted, is not strong enough to lead us to conclude the verdict was against the great weight
and preponderance of the evidence. The evidence is factually sufficient to support the verdict.
            We affirm the judgment.
 
                                                                                    Josh R. Morriss, III
                                                                                    Chief Justice

Date Submitted:         November 24, 2003
Date Decided:             December 9, 2003

Do Not Publish